## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 24 Capital Funding, LLC | Case No. **19 CV** 4929 |
| Plaintiff, | Judge _____ |
| -against- | Removed from Supreme Court of New York for Putnam County, Index Nos. 500734/2019 and 500736/2019 |
| Peters Broadcasting Engineering, Inc. and Robert Michael Peters | |
| Defendants. | |

### NOTICE OF REMOVAL

TO:    CLERK, UNITED STATES DISTRICT COURT FOR THE
       SOUTHERN DISTRICT OF NEW YORK

Please take Notice that all Defendants hereby file this Notice of Removal under

28 U.S.C. 1441.

1.  On February 21, 2019 Peters Broadcast Engineering, Inc. (hereinafter "PBE"), an
    Indiana corporation and Robert Michael Peters (hereinafter "Peters") its sole
    shareholder, received a merchant cash advance from Plaintiff. The cash advance
    was issued to PBE.  A copy of the agreement is at Exhibit A.

2.  The cash advance was for the amount of $184,796.06 with repayment of
    $264,258.37.

3.  To date Plaintiff has disbursed $93,576.00.

4.  Plaintiff without cause or justification filed a confessions of judgment on May 10,
    2019 for $89,909.85 and $22,641.50 despite the absence of a   basis for
    accelerating the amount due and without having disbursed the full $184,764.06.

5. By reason of Plaintiff's unlawful and oppressive action, turbulence has been caused to Defendants' business operations and bona fide business expenditures have been rejected by Defendant PBE's bank, PNC.

6. There is complete diversity between the parties as 24 Capital Funding, LLC's members are all citizens of states other than Indiana.

7. The COJ taken by Plaintiff violates CPLR3218 as all funds have not been disbursed, and as such the actions of Plaintiff have converted this MCA into a proscribed usurious loan.

8. The actions of Plaintiff have caused damages to Defendants in excess of $75,000 exclusive of interest and costs.

9. This Notice of Removal is timely in that it is filed within 30 days from the COJ being entered.

10. A representative copy of all process, pleadings in this action are attached to this Notice as Exhibit A.

11. In accordance with 28 U.S.C. §1446(d), the undersigned promptly provided written notice of the filing of this Notice of Removal to Plaintiff and shall file a copy of this Notice along with a Notice of Filing of Notice of Removal with the Clerk of the Supreme Court of New York for Putnam, County, New York.

12. Removal to this federal district court is timely under 28 U.S.C. §1446(b).

13. Venue for removal is proper in this district and division under 28 U.S.C. §1441(a) because this district and division embrace Putnam County, the forum in which the removed action was pending.

14. All other named parties who have been served with a copy of the COJ courts notice of removal.

15. Accordingly, the procedural requirements for removal have been satisfied in this case.

WHEREFORE, Defendants give notice that the matters bearing Index Number 500734/2019 and 500736/2019 be removed to the United States District Court for the Southern District of New York Division. If any question arises as to the propriety of the removal of this action, Defendants requests the opportunity to fully brief the legal issues through supporting memoranda, and to be heard in oral argument, in support of its position that the case is removable based upon diversity of citizenship.

Robert Michael Peters, Pro Se
PETERS BROADCASTING
ENGINEERING, INC.
426 W. LUDWIG ROAD
FT. WAYNE, INDIANA 46825
(260) 341-9651-Phone
mike@pbewireless.com

## CERTIFICATE OF SERVICE

The foregoing was served upon the following parties of record via U.S. Postal Service and electronic mail on May 22, 2019, upon:

David Fogel, Esq.
David Fogel, P.C.
1225 Franklin Avenue, Suite 522
Garden City, NY 11530
david@fogellaw.com

Robert Michael Peters, Pro Se



# 24 CAPITAL, LLC.

**31-10 37th Ave, Suite 202, Long Island City, NY 11101**
**Tel: 1-212-560-6587, Fax: 212-331-5034**
**Website: www.24capital.com**

## MERCHANT AGREEMENT

Agreement dated 02/21/2019 _____ between 24 CAPITAL, LLC (**"24 CAPITAL,"**) and the Merchant listed below (**"MERCHANT"**) (Month)
                (Day) (Year)

### MERCHANT INFORMATION

Merchant's Legal Name: PETERS BROADCAST ENGINEERING INC            EIN# /SS  35-2041858

D/B/A: PETERS BROADCAST ENGINEERING INC            State of Incorporation / Organization:

Type of Entity (circle one) Corporation - Limited Liability Company - Limited Partnership - Limited Liability Partnership - Sole Proprietorship

Physical Address: 425 W LUDWIG RD            City: FORT WAYNE      State: IN      Zip: 46825

Contact Name: ROBERT MICHAEL PETERS            Contact Number:

Mailing Address: 425 W LUDWIG RD            City: FORT WAYNE      State: IN   Zip: 46825

### PURCHASE AND SALE OF FUTURE RECEIVABLES

Merchant ("Merchant" or "Merchant") hereby sells, assigns and transfers to 24 CAPITAL, ("24 CAPITAL," or "24 CAPITAL,") (making 24 CAPITAL, the absolute owner) in consideration of the funds provided ("Purchase Price") specified below, all of Merchant's future accounts, contract rights and other entitlements arising from or relating to the payment of monies from Merchant 's customers' and/or other third party payors (the "Receipts" defined as all payments made by cash, check, electronic transfer or other form of monetary payment in the ordinary course of the Merchant's business), for the payments due to Merchant as a result of Merchant's sale of goods or services (the "Transactions") until the amount specified below (the "Purchased Amount") has been delivered by or on behalf of Merchant to 24 CAPITAL,.

The Purchased Amount shall be paid to 24 CAPITAL, by Merchant's irrevocably directing and authorizing that there be only one depositing bank account, which account must be acceptable to, and pre-approved by, 24 CAPITAL, (the "Account") into which Merchant and Merchant's customers shall remit the percentage specified below (the "Specified Percentage" ) of Merchant's settlement amounts due from each Transaction, until such time as 24 CAPITAL, receives payment in full of the Purchased Amount. Merchant hereby authorizes 24 CAPITAL, to ACH Debit the specified remittances from the Merchant's Account on a daily basis and will provide 24 CAPITAL, with all required access codes, and monthly bank statements. Merchant understands that it is responsible for ensuring that the specified percentage to be debited by 24 CAPITAL, remains in the Account and will be held responsible for any fees incurred by 24 CAPITAL, resulting from a rejected ACH attempt or an event of default. (See Appendix A) 24 CAPITAL, is not responsible for any overdrafts or rejected transactions that may result from 24 CAPITAL'S ACH debiting the specified amounts under the terms of this agreement. 24 CAPITAL, will debit the specific daily amount each business day. The Merchant shall deliver to 24 CAPITAL,, no later than the 18th date of each month the bank statement for the Account in respect of the immediately preceding month. Within three business days of 24 CAPITAL'S receipt of the Merchant's monthly bank statements, 24 CAPITAL, shall reconcile the Merchant's Account by either crediting or debiting the difference from or back to the Merchant's Account so that the amount debited per month equals the Specified Percentage. If the Merchant fails to deliver the bank statement for the Account for any month, 24 CAPITAL, shall consider that the specific remittances were equal to the Specified Percentage of the settlement amount due from each Transaction for such month. 24 CAPITAL, may, upon Merchant's request, adjust the amount of any payment due under this Agreement at 24 CAPITAL'S sole discretion and as it de ems appropriate. Notwithstanding anything to the contrary in this Agreement or any other agreement between 24 CAPITAL, and Merchant, upon the violation of any provision contained in Section 1.11 of the MERCHANT AGREEMENT TERMS AND CONDITIONS or the occurrence of an Event of Default under Section 3 of the MERCHANT AGREEMENT TERMS AND CONDITIONS, the Specified Percentage shall equal 100%. A list of all fees applicable under this Agreement is contained in Appendix A.

Total Purchase Price: $ 184,796.06      Specified Percentage: 25 %      Receipts Purchase Amount: $ 264,258.37

Increment 1: $_____ Specified Percentage: _____% Specific Amount: _____ Receipts Purchased Amount: $ _____

Increment 2: $_____ Specified Percentage: _____% Specific Amount: _____ Receipts Purchased Amount: $ _____

**THE MERCHANT AGREEMENT TERMS AND CONDITIONS SET FORTH ON PAGE 2, THE "SECURITY AGREEMENT AND GUARANTY" AND THE "ADMINISTRATIVE FORM HEREOF, ARE ALL HEREBY INCORPORATED IN AND MADE A PART OF THIS MERCHANT AGREEMENT.**

FOR THE MERCHANT (#1)
By: ROBERT MICHAEL PETERS
_____            _____
          (Print Name and Title)                    (Merchant 1 Signature)
FOR THE MERCHANT (#2)
By:
_____            _____
          (Print Name and Title)                    (Merchant 2 Signature)

OWNER #1
By: ROBERT MICHAEL PETERS
_____            _____
          (Print Name)                              (Owner 1 Signature)

OWNER #2
By:
_____            _____
          **(Print Name)**                          (Owner 2 Signature)

24 CAPITAL,, LLC By:

_____      Sales Associate Name: _____
          (Company Officer)                              (Signature)

DEFENDANT'S EXHIBIT A

## MERCHANT AGREEMENT TERMS AND CONDITIONS

### I. TERMS OF ENROLLMENT IN PROGRAM

**1.1 Merchant Deposit Agreement.** Merchant shall execute an agreement (the "Merchant Deposit Agreement") acceptable to 24 CAPITAL, with a Bank acceptable to 24 CAPITAL, to obtain electronic fund transfer services for the Merchant's account at the Bank approved by 24 CAPITAL, (the"Account"). Merchant shall provide 24 CAPITAL, and/or its authorized agent(s) with all of the information, authorizations and passwords necessary for verifying Merchant's receivables, receipts, deposits and withdrawals into and from the Account. Merchant hereby authorizes 24 CAPITAL, and/or i ts agent(s) to deduct from the Account the amounts owed to 24 CAPITAL, for the receipts as specified herein and to pay such amounts to 24 CAPITAL,. Merchant also hereby authorizes 24 CAPITAL, to withdraw from the Account the specified percentages and/or sums by 24 CAPITAL, debiting the account. These authorizations apply not only to the approved Account but also to any subsequent or alternate account used by the Merchant for these deposits, whether pre-approved by 24 CAPITAL, or not. This additional authorization is not a waiver of 24 CAPITAL'S entitlement to declare this Agreement breached by Merchant as a result of its usage of an account which 24 CAPITAL, did not first pre-approve in writing prior to Merchant's usage thereof. The aforementioned authorizations shall be irrevocable without the written consent of 24 CAPITAL,.

Merchant understands and agrees that this Agreement, including the authorizations to access Merchant's accounts (including the Ac count) set forth herein, and the Processing Agreement irrevocably authorize Processor and Operator to pay the cash attributable to the Specified Percentage of Receivables to 24 CAPITAL, rather than to Merchant until 24 CAPITAL, receives the cash attributable to the entire Specified Amount of Future Receivables from Processor and Operator. These authorizations and instructions may be revoked only with the prior written consent of 24 CAPITAL,. Merchant agrees that Processor and Operator may rely upon the instructions of 24 CAPITAL,, without any independent verification, in making the cash payments above. Merchant waives any claim for damages it may have against Processor and Operator in connection with actions taken based on instructions from 24 CAPITAL,, unless such damages were due to such Processor's or Operator's failure to follow 24 CAPITAL,'s instructions. Merchant acknowledges and agrees that (a) Processor and Operator will be acting on behalf of 24 CAPITAL, with respect to the specified Percentage of Receivables until cash attributable to the entire Specified Amount of Future Receivables has been remitted by Processor and Operator to 24 CAPITAL,, (b) Processor and Operator may or may not be affiliates of 24 CAPITAL,, (c) 24 CAPITAL, does not have any power or authority to control Processor's or Operator's actions with respect to the processing of Card transactions or remittance of cash to 24 CAPITAL,, (d) 24 CAPITAL, is not responsible and shall not be liable for, and Merchant agrees to hold 24 CAPITAL, harmless for, the actions of Processor and Operator, and (e) funds representing the Specified Percentage of Receivables in the possession of Processing or Operator constitute property owned solely by 24 CAPITAL,, and Merchant disclaims any and all interest therein. For purposes of this Agreement, the term " Operator" shall mean any person or entity 24 CAPITAL, designates to debit or otherwise withdraw (via the Automated Clearing House ("ACH") system, electronic checks, wires, or otherwise) any amounts from Merchant's or principal(s) accounts as authorized or permitted by this Agreement.

**1.2 Term of Agreement.** This Agreement shall remain in full force and effect until the entire "Purchased Amount" is received by 24 CAPITAL, as per the terms of this Agreement. The termination of this Agreement shall not affect Merchant's continuing obligation and responsibility to fully satisfy all outstanding obligations that are due to 24 CAPITAL,.

**1.3 Future Purchases.** 24 CAPITAL, reserves the right to rescind the offer to make any purchase payments hereunder, in its sole and absolute discretion.

**1.4 Financial Condition.** Merchant and Guarantor(s) (as hereinafter defined and limited) authorize 24 CAPITAL, and its agents to investigate their financial responsibility and history, and will provide to 24 CAPITAL, any authorizations, bank or financial statements, tax returns, etc., as 24 CAPITAL, deems necessary in its sole and absolute discretion prior to or at any time after execution of this Agreement. A photocopy of this authorization will be deemed as acceptable as an authorization for release of financial and credit information. 24 CAPITAL, is authorized to update such information and financial and credit profiles from time to time as it deems appropriate.

Merchant acknowledges and agrees that all information (financial and other) provided by or on behalf of Merchant has been relied upon to 24 CAPITAL, in connection with its decision to purchase the Specified Amount of Future Receivables from Merchant.

**1.5 Transactional History.** Merchant authorizes all of their banks and brokers to provide 24 CAPITAL, with Merchant's banking, brokerage and/or processing history to determine qualification or continuation in this program. Merchant herby (i) authorizes 24 CAPITAL, to contact any past, present or future processor of Merchant, its predecessors or affiliates, to obtain any information that 24 CAPITAL, deems necessary or appropriate regarding any of their transactions with such processors, and (ii) authorizes and directs such processors to provide 24 CAPITAL, with all such information in compliance with this Section. Such information may include information to verify the amount of Card receivables previously processed on behalf of Merchant, its predecessors or affiliates, and any amounts that may have been paid to, offset, held or reversed by, such processors. Without limiting the generality of the foregoing, Merchant authorizes 24 CAPITAL, to contact any past, present or future processor of Merchant, its predecessors or affiliates, to confirm that Merchant is exclusively using the Processor accepted by 24 CAPITAL, in accordance with this Agreement.

**1.6 Indemnification.** Merchant and Guarantor(s) jointly and severally indemnify and hold harmless Processor and Operator, their respective officers, directors, affiliates, employees, agents, representatives and shareholders against all losses, damages, claims, liabilities and expenses (including reasonable attorney's fees) suffered or incurred by Processor or Operator resulting from (a) claims asserted by 24 CAPITAL, for monies owed to 24 CAPITAL, from Merchant and (b) actions taken by Processor in reliance upon any fraudulent, misleading or deceptive information or instructions provided by 24 CAPITAL,.

**1.7 No Liability.** In no event will Processor, Operator or 24 CAPITAL, be liable for any claims asserted by Merchant or Guarantors under any legal theory or law, including any tort or contract theory for lost profits, lost revenues, lost business opportunities, exemplary, punitive, special, incidental, indirect or consequential damages, each of which is waived by both Merchant and Guarantor(s). In the event these claims are nonetheless raised, Merchant and Guarantors will be jointly liable for all of 24 CAPITAL'S legal fees and expenses resulting therefrom.

INITIAL_____

1.8 Reliance on Terms. Section 1.1, 1.7, 1.8 and 2.5 of this Agreement are agreed to for the benefit of Merchant, 24 CAPITAL, and Processor, and notwithstanding the fact that Processor is not a party of this Agreement, Processor may rely upon their terms and raise them as a defense in any action.

1.9 Sale of Receipts. Merchant and 24 CAPITAL, agree that the Purchase Price under this Agreement is in exchange for the Purchased Amount, and that such Purchase Price is not intended to be, nor shall it be construed as a loan from 24 CAPITAL, to Merchant. Merchant agrees that the Purchase Price is in exchange for the Receipts pursuant to this Agreement, and that it equals the fair market value of such Receipts

24 CAPITAL, has purchased and shall own all the Receipts described in this Agreement up to the full Purchased Amount as the Receipts are created. Payments made to 24 CAPITAL, in respect to the full amount of the Receipts shall be conditioned upon Merchant's sale of products and services, and the payment therefore by Merchant's customers in the manner provided in Section 1.1. In no event shall the aggregate of all amounts or any portion thereof be deemed as interest hereunder, and in the event it is found to be interest despite the parties hereto specifically representing that it is NOT interest, - it shall be found that no sum charged or collected hereunder shall exceed the highest rate permissible at law. In the event that a court nonetheless determines that 24 CAPITAL, has charged or received interest hereunder in excess of the highest applicable rate, the rate in effect hereunder shall automatically be  reduced to the maximum rate permitted by applicable law and  24 CAPITAL, shall promptly refund to Merchant any interest received by 24 CAPITAL, in excess of the maximum lawful rate, it being intended that Merchant not pay or contract to pay, and that 24 CAPITAL, not receive or contract to receive, directly or indirectly in any manner whatsoever, interest in excess of that which may be paid by Merchant under applicable law. Merchant is not a debtor to 24 CAPITAL, as of the date of this Agreement. As a result thereof, Merchant knowingly and willingly waives the defense of Usury in any action or proceeding.

1.10 Power of Attorney. Merchant irrevocably appoints 24 CAPITAL, as its agent and attorney-in-fact with full authority to take any action or execute any instrument or document to settle all obligations due to 24 CAPITAL, from Processor, or in the case of a violation by Merchant of Section 1.12 or the occurrence of an Event of Default under Section 4 hereof, from Merchant, under this Agreement, including without limitation (i) to obtain and adjust insurance; (ii) to collect monies due or to become due under or in respect of any of the Collateral; (iii) to receive, endorse and collect any checks, notes, drafts, instruments, documents or chattel paper in connection with clause (i) or clause (ii) above; (iv) to sign Merchant's name on any invoice, bill of lading, or assignment directing customers or account debtors to make payment directly to 24 CAPITAL.; and (v) to file any claims or take any action or institute any proceeding which 24 CAPITAL, may deem necessary for the collection of any of the unpaid Purchased Amount from the Collateral, or otherwise to enforce its rights with respect to payment of the Purchased Amount. In connection therewith, all costs, expenses and fees, including legal fees, shall be payable by and from Merchant, and 24 CAPITAL, is authorized to use Merchant's funds to pay for same. In addition to any other remedies available for violation of the Merchant's Contractual Covenants, in the event that Merchant changes or permits the change of the Processor accepted by 24 CAPITAL, or utilizes the services of an additional Processor, 24 CAPITAL, shall have the right, without waiving any of i ts rights or remedies and without notice to Merchant or Principal(s), to notify the new or additional Processor of the sale of the Specified Amount of Future Receivables hereunder and to direct such new or additional Processor to make payment to 24 CAPITAL, of all or any portion of the amounts received or held by such Processor for or on behalf of Merchant to pay any amounts 24 CAPITAL, is entitled to receive hereunder. Merchant hereby grants 24 CAPITAL, an irrevocable power of attorney, which power of attorney shall be coupled with an interest, and hereby appoints 24 CAPITAL, and its designees as Merchant's attorney-in-fact, to take any and all actions necessary and appropriate to direct such new or additional Processor to make payment to 24 CAPITAL, as contemplated by this Section.1.10 Power of Attorney. Merchant irrevocably appoints 24 CAPITAL, as its agent and attorney-in-fact with full authority to take any action or execute any instrument or document to settle all obligations due to 24 CAPITAL, from Processor, or in the case of a violation by Merchant of Section 1.12 or the occurrence of an Event of Default under Section 4 hereof, from Merchant, under this Agreement, including without limitation (i) to obtain and adjust insurance; (ii) to collect monies due or to become due under or in respect of any of the Collateral; (iii) to receive, endorse and collect any checks, notes, drafts, instruments, documents or chattel paper in connection with clause (i) or clause (ii) above; (iv) to sign Merchant's name on any invoice, bill of lading, or assignment directing customers or account debtors to make payment directly to 24 CAPITAL,; and (v) to file any claims or take any action or institute any proceeding which 24 CAPITAL, may deem necessary for the collection of any of the unpaid Purchased Amount from the Collateral, or otherwise to enforce its rights with respect to payment of the Purchased Amount. In connection therewith, all costs, expenses and fees, including legal fees, shall be payable by and from Merchant, and 24 CAPITAL, is authorized to use Merchant's funds to pay for same. In addition to any other remedies available for violation of the Merchant's Contractual Covenants, in the event that Merchant changes or permits the change of the Processor accepted by 24 CAPITAL, or utilizes the services of an additional Processor, 24 CAPITAL, shall have the right, without waiving any of i ts rights or remedies and without notice to Merchant or Principal(s), to notify the new or additional Processor of the sale of the Specified Amount of Future Receivables hereunder and to direct such new or additional Processor to make payment to 24 CAPITAL, of all or any portion of the amounts received or held by such Processor for or on behalf of Merchant to pay any amounts 24 CAPITAL, is entitled to receive hereunder. Merchant hereby grants 24 CAPITAL, an irrevocable power of attorney, which power of attorney shall be coupled with an interest, and hereby appoints 24 CAPITAL, and its designees as Merchant's attorney-in-fact, to take any and all actions necessary and appropriate to direct such new or additional Processor to make payment to 24 CAPITAL, as contemplated by this Section.

INITIAL_____

1.11 **Protections against Default**. The following Protections 1 through 8 may be invoked by 24 CAPITAL, immediately and without notice to Merchant in the event: (a) Merchant takes any action to discourage the use of electronic check processing that are settled through Processor, or permits any event to occur that could have an adverse effect on the use, acceptance, or authorization of checks or other payments or deposits for the purchase of Merchant's services and products including but not limited to direct deposit of any checks into a bank account without scanning into the 24 CAPITAL, electronic check processor; (b) Merchant changes its arrangements with Processor in any way that is adverse or unacceptable to 24 CAPITAL,; (c) Merchant changes the electronic check processor through which the Receipts are settled from Processor to another electronic check processor, or permits any event to occur that could cause diversion of any of Merchant's check or deposit transactions to another processor; (d) Merchant interrupts the operation of this business (other than adverse weather, natural disasters or acts of God) transfers, moves, sells, disposes, or otherwise conveys its business and/or assets without (i) the express prior written consent of 24 CAPITAL,, and ( ii) the written agreement of any purchaser or transferee to the assumption of all of Merchant's obligations under this Agreement pursuant to documentation satisfactory to 24 CAPITAL,; or (e) Merchant takes any action, fails to take any action, or offers any incentive—economic or otherwise—the result of which will be to induce any customer or customers to pay for Merchant's services with any means other than payments, checks or deposits that are settled through Processor. These protections are in addition to any other remedies available to 24 CAPITAL, at law, in equity or otherwise pursuant to this Agreement.

**Protection 1**. The full uncollected Purchase Amount plus all fees (including legal fees) due under this Agreement and the attached Security Agreement become due and payable in full immediately.

**Protection 2.** 24 CAPITAL, may enforce the provisions of the Personal Guaranty of Performance against the Guarantor(s).

**Protection 3.** Merchant hereby authorizes 24 CAPITAL, to execute in the name of the Merchant a Confession of Judgment in favor of 24 CAPITAL, in the amount of Purchase Amount stated in the Agreement. Upon breach of any provision in this paragraph 1.1, 24 CAPITAL, may, without further notice, enter judgment against Merchant(s) and Owner(s)/Guarantor(s) with the judgment clerk of the appropriate court based upon the affidavit(s) of judgment by confession previously executed by Merchant(s) and Owner(s)/Guarantor(s).

**Protection 4.** 24 CAPITAL, may enforce its security interest in the Collateral identified in Article III hereof.

**Protection 5.** The entire Purchase Amount and all fees (including legal fees) shall become immediately refundable and payable to 24 CAPITAL, from Merchant.

**Protection 6.** 24 CAPITAL, may proceed to protect and enforce its rights and remedies by lawsuit. In any such lawsuit, under which 24 CAPITAL, shall recover Judgment against Merchant, Merchant shall be liable for all of 24 CAPITAL'S costs of the lawsuit, including but not limited to all reasonable attorneys' fees and court costs.

**Protection 7.** This Agreement shall be deemed Merchants Assignment of Merchant's Lease of Merchant's business premises to 24 CAPITAL,. Upon breach of any provision in this Agreement, 24 CAPITAL, may exercise its rights under this Assignment of Lease without prior Notice to Merchant.

**Protection 8.** 24 CAPITAL, may debit Merchant's depository accounts wherever situated by means of ACH debit or facsimile 24 CAPITAL, on a computer- generated check drawn on Merchant's bank account or otherwise for all sums due to 24 CAPITAL,.

1.12 **Protection of Information**. Merchant and each person signing this Agreement on behalf of Merchant and/or as Owner or Guarantor, in respect of himself or herself personally, authorizes 24 CAPITAL, to disclose information concerning Merchant's and each Owner's and each Guarantor's credit standing (including credit bureau reports that 24 CAPITAL, obtains) and business conduct only to agents, affiliates, subsidiaries, and credit reporting bureaus. Merchant and each Owner and each Guarantor hereby and each waives to the maximum extent permitted by law any claim for damages against 24 CAPITAL, or any of its affiliates relating to any (i)investigation undertaken by or on behalf of 24 CAPITAL, as permitted by this Agreement or (ii) disclosure of information as permitted by this Agreement.

1.13 Confidentiality. Merchant understands and agrees that the terms and conditions of the products and services offered by 24 CAPITAL,, including this Agreement and any other 24 CAPITAL, documentations (collectively, "Confidential Information") are proprietary and confidential information of 24 CAPITAL,. Accordingly unless disclosure is required by law or court order, Merchant shall not disclose Confidential Information of 24 CAPITAL, to any person other than an attorney, accountant, financial advisor or employee of Merchant who needs to know such information for the purpose of advising Merchant ("Advisor"), provided such Advisor uses such information solely for the purpose of advising Merchant and first agree s in writing to be bound by the terms of this section. A breach hereof entitles 24 CAPITAL, to not only damages and legal fees but also to both a Temporary Restraining Order and a Preliminary Injunction without Bond or Security.

1.14 Publicity. Merchant and each of Merchant's Owners and all Guarantors hereto all hereby authorizes 24 CAPITAL, to use its, his or her name in listings of clients and in advertising and marketing materials.

1.15 D/B/A's. Merchant hereby acknowledges and agrees that 24 CAPITAL, may be using "doing business as" or "d/b/a" names in connection with various matters relating to the transaction between 24 CAPITAL, and Merchant, including the filing of UCC-1 financing statements and other notices or filings.

INITIAL_____

## II. REPRESENTATIONS, WARRANTIES AND COVENANTS

Merchant represents warrants and covenants that, as of this date and during the term of this Agreement; and until 24 CAPITAL, is fully paid:

**2.1 Financial Condition and Financial Information**. Merchant's and Guarantors' bank and financial Statements, copies of which have been furnished to 24 CAPITAL,, and future statements which will be furnished hereafter at the discretion of 24 CAPITAL,, fairly represent the financial condition of Merchant at such dates, and since those dates there has been no material adverse changes, financial or otherwise, in such condition, operation or ownership of Merchant. Merchant and Guarantors have a continuing, affirmative obligation to advise 24 CAPITAL, of any material adverse change in their financial condition, operation or ownership. 24 CAPITAL, may request statements at any time during the performance of this Agreement and the Merchant and Guarantors shall provide them to 24 CAPITAL, within 5 business days. Merchant's or Guarantors' failure to do so is a material breach of this Agreement.

**2.2 Governmental Approvals**. Merchant is in compliance and shall comply with all laws and has valid permits, authorizations and licenses to own, operate and lease its properties and to conduct the business in which it is presently engaged and/or will engage in hereafter.

**2.3 Authorization**. Merchant, and the person(s) signing this Agreement on behalf of Merchant, have full power and authority to incur and perform the obligations under this Agreement, all of which have been duly authorized.

**2.4 Insurance**. Merchant will maintain business-interruption insurance naming 24 CAPITAL, as loss payee and additional insured in amounts and against risks as are satisfactory to 24 CAPITAL, and shall provide 24 CAPITAL, proof of such insurance upon request.

**2.5 Electronic Check Processing Agreement**. Merchant will not change its processor, add terminals, change its financial institution or bank account(s)or take any other action that could have any adverse effect upon Merchant's obligations under this Agreement, without 24 CAPITAL'S prior written consent. Any such changes shall be a material breach of this Agreement.

**2.6 Change of Name or Location**. Merchant will not conduct Merchant's businesses under any name other than as disclosed to the Processor and 24 CAPITAL,, nor shall Merchant change any of its places of business without prior written consent by 24 CAPITAL,. Merchant does not and shall not conduct Merchant's business under any name other than as set forth in this agreement and shall not change its place of business. Merchant shall not change its legal name, entity type or jurisdiction of organization.

**2.7 Daily Batch Out**. Merchant will batch out receipts with the Processor on a daily basis.

**2.8 Estoppel Certificate**. Merchant will at every and all times, and from time to time, upon at least one (1) day's prior notice from 24 CAPITAL, to Merchant, execute, acknowledge and deliver to 24 CAPITAL, and/or to any other person, firm or corporation specified by 24 CAPITAL,, a statement certifying that this Agreement is unmodified and in full force and effect (or, if there have been modifications, that the same is in full force and effect as modified and stating the modifications) and stating the dates which the Purchased Amount or any portion thereof has been repaid.

**2.9 No Bankruptcy**. As of the date of this Agreement, Merchant is not insolvent and does not contemplate and has not filed any petition for bankruptcy protection under Title 11 of the United States Code and there has been no involuntary petition brought or pending against Merchant. Merchant further warrants that it does not anticipate filing any such bankruptcy petition and it does not anticipate that an involuntary petition will be filed against it. In the event that the Merchant files for bankruptcy protection or is placed under an involuntary filing Protections 2 and 3 are immediately invoked.

**2.10 Working Capital Funding**. Merchant shall not enter into any arrangement, agreement or commitment that relates to or involves the Receipts, whether in the form of a purchase of, a loan against, collateral against or the sale or purchase of credits against, Receipts or future check sales with any party other than 24 CAPITAL,.

**2.11 Unencumbered Receipts**. Merchant has, and at all times will have, good, complete, unencumbered and marketable title to all Receipts, free and clear of any and all liabilities, liens, claims, changes, restrictions, conditions, options, rights, mortgages, security interests, equities, pledges and encumbrances of any kind or nature whatsoever or any other rights or interests that may be inconsistent with the transactions contemplated with, or adverse to the interests of 24 CAPITAL,. Without limiting the generality of the foregoing, all future Receipts purchased by 24 CAPITAL, hereunder shall be free and clear of any and all liens (other than 24 CAPITAL'S ownership rights therein) at the time they become Receivables. All amounts received by 24 CAPITAL, attributable to the Specified Amount of Future Receivables purchased by 24 CAPITAL, hereunder shall arise from bona fide sales by Merchant of its goods and services to Card holders who present their Cards as payment thereof.

**2.12 Business Purpose**. Merchant is a valid business in good standing under the laws of the jurisdictions in which it is organized and/or operates, and Merchant is entering into this Agreement for business purposes and not as a consumer for personal, family or household purposes.

**2.13 Defaults under Other Contracts**. Merchant's execution of, and/or performance under this Agreement, will not cause or create an event of default by Merchant under any contract with another person or entity.

**2.14 Good Faith, Best Efforts and Due Diligence**. Merchant and Guarantors hereby affirm that it will conduct its business in Good Faith and will expend its Best Efforts to maintain and grow its business, to ensure that 24 CAPITAL, obtains the Purchased Amount. Furthermore, Merchant
and Guarantors hereby agree, warrant and represent hereby that they will constantly perform all appropriate Due Diligence and credit checks of all

INITIAL_____

of the customers' finances, cash flow, solvency, good faith, payment histories and business reputations (the "Due Diligence Requirements") as may suffice to ensure any and all products and/or services provided, sold or delivered by Merchant to said customers will be paid for by customers in full and on time, and will not result in the creation of an unpaid account. These Due Diligence Requirements must be performed prior to any sales to any customer, and repeated no less frequently than monthly for so long as any sums are due from those customers. Full documentation of all of Merchant's compliance with its Due Diligence Requirements must be maintained in Merchant's files so long as 24 CAPITAL, has not fully collected all sums due to it. This is not a guaranty of payment by customers, but is a guaranty of full, adequate and good faith Due Diligent investigation and credit check of customers before extending credit to them and continuing no less frequently than monthly so long as sums are still due.

## III. EVENTS OF DEFAULT AND REMEDIES

**3.1 Events of Default**. The occurrence of any of the following events shall constitute an "Event of Default" hereunder: (a) Merchant or Guarantor shall violate any term or covenant in this Agreement; (b) Any representation or warranty by Merchant in this Agreement shall prove to have been incorrect, false or misleading in any material respect when made; (c) Merchant shall admit in writing its inability to pay its debts, or shall make a general assignment for the benefit of creditors; or any proceeding shall be instituted by or against Merchant seeking to adjudicate it a bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, or composition of it or its debts; (d) the sending of notice of termination by Merchant; (e) Merchant shall transport, move, interrupt, suspend, dissolve or terminate its business; (f) Merchant shall transfer or sell all or substantially all of its assets; (g) Merchant shall make or send notice of any intended bulk sale or transfer by Merchant; (h) Merchant shall use multiple depository accounts without the prior written consent of 24 CAPITAL, (i) Merchant shall change its depositing account without the prior written consent of 24 CAPITAL,; (j) Merchant shall perform any act that reduces the value of any Collateral granted under this Agreement; (k) Merchant shall default under any of the terms, covenants and conditions of any other agreement with 24 CAPITAL,; or (l) Merchant fails to deposit its Receipts into the Account.

**3.2 Personal Guaranty**. In the event of a Default under Sections 2.3, 2.5, 2.6, 2.9, 2.10, 2.11, 2.12, 2.13, and 2.14 hereof, should 24 CAPITAL, determine that the Purchased Amount cannot be obtained from the Merchant's business, 24 CAPITAL, will enforce its rights against the Guarantors of this transaction. Said Guarantors will be jointly and severally liable to 24 CAPITAL, for all of 24 CAPITAL'S losses and damages, in additional t o all costs and expenses and legal fees associated with such enforcement.

**3.3 Remedies**. In case any Event of Default occurs and is not waived pursuant to Section 4.4.1 hereof, 24 CAPITAL, may proceed to protect and enforce its rights or remedies by suit in equity or by action at law, or both, whether for the specific performance of any covena nt, agreement or other provision contained herein, or to enforce the performance of Merchant's and each Owner's/Guarantor's obligations hereunder, u nder the Security Agreement or Guaranty, or pursuant to any other legal or equitable right or remedy. Upon Merchant's and/or Owner's/Guarantor's default hereunder, the balance of the Purchased Amount remaining due, plus any applicable fees, shall become immediately due and payable to 24 CAPITAL,. In addition, upon an Event of Default, 24 CAPITAL, may: i) enforce the provisions of the Security Agreement and Guaranty against each Merchant and Owner/Guarantor; ii) enforce its security interest in the Collateral and the Additional Collateral; iii) debit Merchant's deposit accounts wherever situated by means of ACH debit or facsimile signature on a computer generated check drawn on Merchant's bank account for all or a portion of the balance of the Purchased Amount remaining due, or 24 CAPITAL, may instruct the Processor to forward to 24 CAPITAL,, without any prior notice to Merchant, all or a portion of the balance of the Purchased Amount remaining due, and iv) without further notice, enter judgment against Merchant(s) and Owner(s)/Guarantor(s) with the judgment clerk of the appropriate court based upon the affidavit(s) of judgment by confession previously executed by Merchant(s) and Owner(s)/Guarantor(s). All rights, powers and remedies of 24 CAPITAL, which may be exercised by 24 CAPITAL, at any time after the occurrence of an Event of Default are cumulative and not exclusive, and shall be in addition to any other ri ghts, powers or remedies provided by law or equity.

**3.4 Costs**. Merchant shall pay to 24 CAPITAL, all reasonable costs associated with (a) a breach by Merchant of the Covenants in this Agreement and the enforcement thereof, and(b) the enforcement of 24 CAPITAL, 's remedies set forth in Section 3.3 above, including but not limited to court costs and attorneys' fees.

**3.5 Required Notifications**. Merchant is required to give 24 CAPITAL, written notice within 24 hours of any filing under Title 11 of the United States Code. Merchant is required to give 24 CAPITAL, seven days' written notice prior to the closing of any sale of all or substantially all of the Merchant' s assets or stock.

## IV. MISCELLANEOUS

**4.1 Modifications; Agreements**. No modification, amendment, waiver or consent of any provision of this Agreement shall be effective unless the same shall be in writing and signed by 24 CAPITAL,.

**4.2 Assignment**. This Agreement shall be binding upon and inure to the benefit of Merchant, Principal(s), 24 CAPITAL, and their respective successor s and assigns, except that Merchant and Principal(s) shall not have the right to assign or delegate any of their rights or obligations hereunder or a ny interest herein without prior written consent of 24 CAPITAL,, which consent may be withheld in 24 CAPITAL'S sole discretion. Any such assignment or delegation without 24 CAPITAL'S prior written consent shall be void. 24 CAPITAL, reserves the right to assign or delegate this Agreement or any of its rights or obligations hereunder with or without prior notice to Merchant. 24 CAPITAL, may assign, transfer or sell its rights to receive the Purchased Amount or delegate its duties hereunder, either in whole or in part.

**4.3 Notices**. All notices, requests, consents, demands and other communications hereunder shall be delivered by certified mail, return re ceipt requested, to the respective parties to this Agreement at the addresses set forth in this Agreement. Notices to 24 CAPITAL, shall become effective only upon receipt by 24 CAPITAL,. Notices to Merchant shall become effective three days after mailing.

**4.4 Waiver Remedies**. No failure on the part of 24 CAPITAL, to exercise, and no delay in exercising, any right under this Agreement shall operate as a waiver thereof, nor shall any single or partial exercise of any right under this Agreement preclude any other or further exer cise thereof or the exercise of any other right. The remedies provided hereunder are cumulative and not exclusive of any remedies provided by law or equity.

INITIAL_____

**4.5 Binding Effect; Governing Law, Venue and Jurisdiction.** This Agreement shall be binding upon and inure to the benefit of Merchant, 24 CAPITAL, and their respective successors and assigns, except that Merchant shall not have the right to assign its rights hereunder or any interest herein without the prior written consent of 24 CAPITAL, which consent may be withheld in 24 CAPITAL'S sole discretion. 24 CAPITAL, reserves the rights to assign this Agreement with or without prior written notice to Merchant. This Agreement shall be governed by and construed in accordance with the laws of the state of New York, without regards to any applicable principals of conflicts of law. Any suit, action or proceeding arising hereunder, or the interpretation, performance or breach hereof, shall, if 24 CAPITAL, so elects, be instituted in any court sitting in New York, (the " Acceptable Forums").

## III. EVENTS OF DEFAULT AND REMEDIES

3.1  **Events of Default**. The occurrence of any of the following events shall constitute an "Event of Default" hereunder: (a) Merchant  or Guarantor shall violate any term or covenant in this Agreement; (b) Any representation or warranty by Merchant in this Agreement shall prove to have been incorrect, false or misleading in any material respect when made; (c) Merchant shall admit in writing its inability to pay its debts, or shall make a general assignment for the benefit of creditors; or any proceeding shall be instituted by or against Merchant seeking to adjudicate it  a bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, or composition of it or its debts; (d) the sending of notice of termination by Merchant; (e) Merchant shall transport, move, interrupt, suspend, dissolve or terminate its business; (f) Merchant shall transfer or sell all or substantially all of its assets; (g) Merchant shall make or send notice of any intended bulk sale or transfer by Merchant; (h) Merchant shall use multiple depository accounts without the prior written consent of 24 CAPITAL, (i) Merchant shall change its depositing account without the prior written consent of 24 CAPITAL,; (j) Merchant shall perform any act that reduces the value of any Collateral granted under this Agreement; (k) Merchant shall default under any of the terms, covenants and conditions of any other agreement with 24 CAPITAL,; or (l) Merchant fails to deposit its Receipts into the Account.

3.2  **Personal Guaranty**. In the event of a Default under Sections 2.3, 2.5, 2.6, 2.9, 2.10, 2.11, 2.12, 2.13, and 2.14 hereof, should 24 CAPITAL, determine that the Purchased Amount cannot be obtained from the Merchant's business, 24 CAPITAL, will enforce its rights against the Guarantors of this transaction. Said Guarantors will be jointly and severally liable to 24 CAPITAL, for all of 24 CAPITAL'S losses and damages, in additional t o all costs and  expenses and legal fees associated with such enforcement.

3.3  **Remedies**. In case any Event of Default occurs  and is not waived pursuant to Section 4.4.1 hereof,  24 CAPITAL, may proceed to protect and enforce its rights or remedies by suit in equity or by action at law, or both, whether for the specific performance of any covenant, agreement or other provision contained herein, or to enforce the performance of Merchant's and each Owner's/Guarantor's obligations hereunder, under the Security Agreement or Guaranty, or pursuant to any other legal or equitable right or remedy. Upon Merchant's and/or Owner's/Guarantor's default hereunder, the balance of the Purchased Amount remaining due, plus any applicable fees, shall become immediately due and payable to 24 CAPITAL,. In addition, upon an Event of Default, 24 CAPITAL, may: i) enforce the provisions of the Security Agreement and Guaranty against each Merchant and Owner/Guarantor; ii) enforce its security interest in the Collateral and the Additional Collateral; iii) debit Merchant's deposit accounts wherever situated by means of ACH debit or facsimile  signature on a computer generated check drawn on Merchant's bank account  for all or a portion of  the balance of the Purchased Amount remaining due, or 24 CAPITAL, may instruct the Processor to forward to 24 CAPITAL,, without any prior  notice  to Merchant, all or a portion of the balance of the Purchased Amount remaining due, and iv) without further notice, enter judgment against Merchant(s) and Owner(s)/Guarantor(s) with the judgment clerk of the appropriate court based upon the affidavit(s) of judgment by confession previously executed by Merchant(s) and Owner(s)/Guarantor(s). All rights, powers and remedies of 24 CAPITAL, which may be exercised by 24 CAPITAL, at any time after the occurrence of an Event of Default are cumulative and not exclusive, and shall be in addition to any other rights, powers or remedies provided by law or equity.

3.4  **Costs**. Merchant shall pay to 24 CAPITAL, all reasonable costs associated with (a) a breach by Merchant of the Covenants in this Agreement and the enforcement thereof, and(b) the enforcement of 24 CAPITAL, 's remedies set forth in Section 3.3 above, including but not limited to court costs and attorneys' fees.

3.5  **Required Notifications**. Merchant is required to give 24 CAPITAL, written notice within 24 hours of any filing under Title 11 of the United States Code. Merchant is required to give 24 CAPITAL, seven days' written notice prior to the closing of any sale of all or substantially all of the Merchant' s assets or stock.

## IV. MISCELLANEOUS

4.1  **Modifications; Agreements**. No modification, amendment, waiver or consent of any provision  of this Agreement shall be effective unless the same shall be in writing and signed by 24 CAPITAL,.

4.2  **Assignment**. This Agreement shall be binding upon and inure to the benefit of Merchant, Principal(s), 24 CAPITAL, and their respective successor s and assigns, except that Merchant and Principal(s) shall not have the right to assign or delegate any of their rights or obligations hereunder or a ny interest herein without prior written consent of 24 CAPITAL,, which consent may be withheld in 24 CAPITAL'S sole discretion. Any such assignment  or  delegation without 24 CAPITAL'S prior written consent shall be void. 24 CAPITAL, reserves the right to  assign or delegate this Agreement or any of its rights or obligations hereunder with or without prior notice to Merchant. 24 CAPITAL, may assign, transfer or sell its rights to receive the Purchased Amount or delegate its duties hereunder, either in whole or in part.

4.3  **Notices**. All notices, requests, consents, demands and other communications hereunder shall be delivered by certified mail, return re ceipt requested, to the respective parties to this Agreement at the addresses set forth in this Agreement. Notices to 24 CAPITAL, shall become effective only upon receipt by 24 CAPITAL,. Notices to Merchant shall become effective three days after mailing.

4.4  **Waiver Remedies**. No failure on the part of 24 CAPITAL, to exercise, and no delay in exercising, any right under this Agreement shall operate as a waiver thereof, nor shall any single or partial exercise of any right under this Agreement preclude any other or further exercise thereof or the exercise of any other right. The remedies provided hereunder are cumulative and not exclusive of any remedies provided by law or equity.

INITIAL_____

4.5 Binding Effect; Governing Law, Venue and Jurisdiction. This Agreement shall be binding upon and inure to the benefit of Merchant, 24 CAPITAL, and their respective successors and assigns, except that Merchant shall not have the right to assign its rights hereunder or any interest herein without the prior written consent of 24 CAPITAL, which consent may be withheld in 24 CAPITAL'S sole discretion. 24 CAPITAL, reserves the rights to assign this Agreement with or without prior written notice to Merchant. This Agreement shall be governed by and construed in accordance with the laws of the state of New York, without regards to any applicable principals of conflicts of law. Any suit, action or proceeding arising hereunder, or the interpretation, performance or breach hereof, shall, if 24 CAPITAL, so elects, be instituted in any court sitting in New York, (the " Acceptable Forums").

Merchant agrees that the Acceptable Forums are convenient to it, and submits to the jurisdiction of the Acceptable Forums and waives any and all objections to jurisdiction or venue. Should such proceeding be initiated in any other forum, Merchant waives any right to oppose any motion or application made by 24 CAPITAL, to transfer such proceeding to an Acceptable Forum.

4.6 **Survival of Representation, etc.** All representations, warranties and covenants herein shall survive the execution and delivery of this Agreement and shall continue in full force until all obligations under this Agreement shall have  been satisfied in full and this Agreement shall have terminated.

4.7 **Interpretation**. All Parties hereto have reviewed this Agreement with attorney of their own choosing and have relied only on their own attorneys' guidance and advice. No construction determinations shall be made against either Party hereto as drafter.

4.8 **Severability**. In case any of the provision in this Agreement is found to be invalid, illegal or unenforceable in any respect, the validity , legality and enforceability of any other provision contained herein shall not in any way be affected or impaired.

4.9 **Entire Agreement**. Any provision hereof prohibited by law shall be ineffective only to the extent of such prohibition without invalidating the remaining provisions hereof. This Agreement and the Security Agreement and Guaranty hereto embody the entire agreement between  Merchant and 24 CAPITAL, and supersede all prior agreements and understandings relating to the subject matter hereof. Merchant and Principal(s) each acknowledge and agree that he, she or it is not relying on any representations not specifically embodied in this Agreement.

4.10 **Jury Trial Waiver.**
THE PARTIES HERETO WAIVE TRIAL BY JURY IN ANY COURT IN ANY SUIT, ACTION OR PROCEEDING ON ANY MATTER ARISING IN CONNECTION WITH OR IN ANY WAY RELATED TO THE TRANSACTIONS OR THE ENFORCEMENT HEREOF. THE PARTIES HERETO ACKNOWLEDGE THAT EACH MAKES THIS WAIVER KNOWINGLY, WILLINGLY AND VOLUNTARILY AND WITHOUT DURESS, AND ONLY AFTER EXTENSIVE CONSIDERATION OF THE RAMIFICATIONS OF THIS WAIVER WITH THEIR ATTORNEYS. THE PARTIES HERETO WAIVE ANY RIGHT TO ASSERT ANY CLAIMS AGAINST THE OTHER PARTY AS A REPRESENTATIVE OR MEMBER IN ANY  CLASS OR REPRESENTATIVE ACTION, EXCEPT WHERE SUCH WAIVER IS PROHIBITED BY LAW AS AGAINST PUBLIC POLICY. TO THE EXTENT EITHER PARTY IS PERMITTED BY LAW OR COURT OF LAW TO PROCEED WITH A CLASS OR REPRESENTATIVE ACTION AGAINST THE OTHER, THE PARTIES HEREBY AGREE THAT: (1) THE PREVAILING PARTY SHALL NOT BE ENTITLED TO RECOVER ATTORNEYS' FEES OR COSTS ASSOCIATED WITH PURSUING THE CLASS OR REPRESENTATIVE ACTION (NOT WITHSTANDING ANY OTHER PROVISION IN THIS AGREEMENT); AND ( 2) THE PARTY WHO INITIATES OR PARTICIPATES AS A MEMBER OF THE CLASS WILL NOT SUBMIT A CLAIM OR OTHERWISE PARTICIPATE IN ANY RECOVERY SECURED THROUGH THE CLASS OR REPRESENTATIVE ACTION.
4.11 **Facsimile Acceptance**. Facsimile 24 CAPITAL, hereon shall be deemed acceptable for all purposes.

INITIAL_____

## 24 CAPITAL,, LLC - SECURITY AGREEMENT AND GUARANTY

Merchant's Legal Name: PETERS BROADCAST ENGINEERING INC

D/B/A: PETERS BROADCAST ENGINEERING INC

Physical Address: 425 W LUDWIG RD          City: FORT WAYNE          State: IN          Zip: 46825

Tax ID/EIN: 35-2041858

## SECURITY AGREEMENT

**Security Interest.** This Agreement will constitute a security agreement under the Uniform Commercial Code. Merchant grants to 24 CAPITAL, a security interest in and lien upon: (a) all accounts, chattel paper, documents, equipment, general intangibles, instruments, and inventory, as t hose terms are defined in Article 9 of the Uniform Commercial Code (the "UCC"), now or hereafter owned or acquired by Merchant, (b) all proceeds, as that term is defined in Article 9 of the UCC (c) all funds at any time in the Merchant's Account, regardless of the source of such funds, (d) present and future Electronic Check Transactions, and (e) any amount which may be due to 24 CAPITAL, under this Agreement, including but not limited to all rights to receive any payments or credits under this Agreement (collectively, the "Secured Assets"). Merchant agrees to provide other security to 24 CAPITAL, upon request to secure Merchant's obligations under this Agreement. Merchant agrees that, if at any time there are insufficient funds in Merchant's Account to cover 24 CAPITAL'S entitlements under this Agreement, 24 CAPITAL, is granted a further security interest in all of Merchant's assets of any kind whatsoever, and such assets shall then become Secured Assets. These security interests and liens will secure all of 24 CAPITAL'S entitlements under this Agreement and any other agreements now existing or later entered into between Merchant, 24 CAPITAL, or an affiliate of 24 CAPITAL, is authorized to file any and all notices or filings it deems necessary or appropriate to enforce its entitlements hereunder. This security interest may be exercised by 24 CAPITAL, without notice or demand of any kind by making an immediate withdrawal or freezing the Secured Assets. Pursuant to Article 9 of the Uniform Commercial Code, as amended from time to time, 24 CAPITAL, has control over and may direct the disposition of the Secured Assets, without further consent of Merchant. Merchant hereby represents and warrants that no other person or entity has a security interest in the Se cured Assets. With respect to such security interests and liens, 24 CAPITAL, will have all rights afforded under the Uniform Commercial Code, any other applicable law and in equity. Merchant will obtain from 24 CAPITAL, written consent prior to granting a security interest of any kind in the Secured Assets to a third party. Merchant agrees that this is a contract of recoupment and 24 CAPITAL, is not required to file a motion for relief from a bankruptcy action automatic stay to realize on any of the Secured Assets. Nevertheless, Merchant agrees not to contest or object to any motion for relief from the automatic stay filed by 24 CAPITAL,. Merchant agrees to execute and deliver to 24 CAPITAL, such instruments and documents 24 CAPITAL, may reasonably request to perfect and confirm the lien, security interest and right of set off set forth in this Agreement. 24 CAPITAL, is authorized to execute all such instruments and documents in Merchant's name.

**Additional-Collateral.** To secure Guarantor's Payment and performance obligations to 24 CAPITAL, under the Guaranty, the Guarantor herby grants 24 CAPITAL, _____ ANY AND ALL, PRESENT AND FUTURE ASSETS OF THE BUSINESS _____ (the "Additional Collateral"). Guarantor understand that ALPHA ADVANCE will have a security interest in the aforesaid Additional Collateral upon execution of this Agreement. Merchant and Guarantor each acknowledge and agree that any security interest granted to 24 CAPITAL, under any other agreement between Merchant or Guarantor and 24 CAPITAL, (the "Cross-Collateral") will secure the obligations hereunder and under the Merchant Agreement.

Merchant and Guarantor each agrees to execute any documents or take any action in connection with this Agreement as 24 CAPITAL, deems necessary to perfect or maintain 24 CAPITAL'S first priority security interest in the Collateral and the Additional Collateral, including the execution of any account control agreements. Merchant and Guarantor each hereby authorizes 24 CAPITAL, to file any financing statements deemed necessary by 24 CAPITAL, to perfect or maintain 24 CAPITAL'S security interest, which financing statement may contain notification that Merchant and/or Guarantor have granted a negative pledge to 24 CAPITAL, with respect to the Collateral, and the Additional Collateral, and that any subsequent lien or may be tortuously interfering with 24 CAPITAL'S rights. Merchant and Guarantor shall be liable for, and 24 CAPITAL, may charge and collect, all costs and expenses, including but not limited to attorney's fees, which may be incurred by 24 CAPITAL, in protecting, preserving and enforcing 24 CAPITAL'S security interest and rights.

**Negative Pledge.** Merchant and Guarantor each agrees not to create, incur, assume, or permit to exist, directly or indirectly, any lien on or with respect to any of the Collateral or the Additional Collateral, as applicable.

**Consent to Enter Premises and Assign Lease.** 24 CAPITAL, shall have the right to cure Merchant's default in the payment of rent on the following terms. In the event Merchant is served with papers in an action against Merchant for nonpayment of rent or for summary eviction, 24 CAPITAL, may execute its rights and remedies under the Assignment of Lease. Merchant also agrees that 24 CAPITAL, may enter into an agreement with Merchant's landlord giving 24 CAPITAL, the right: (a) to enter Merchant's premises and to take possession of the fixtures and equipment therein for the purpose of protecting and preserving same; and/or (b) to assign Merchant's lease to another qualified business capable of operating a business comparable to Merchant's at such premises.

**Remedies.** Upon any Event of Default, 24 CAPITAL, may pursue any remedy available at law (including those available under the provisions of the UCC), or in equity to collect, enforce, or satisfy any obligations then owing to 24 CAPITAL,, whether by acceleration or otherwise.

## GUARATY

**Personal Guaranty of Performance.** The undersigned Guarantor(s) hereby guarantees to 24 CAPITAL,, Merchant's good faith, truthfulness and performance of all of the representations, warranties, covenants made by Merchant in the Merchant Agreement in Sections thereof 2.3, 2.5, 2.6, 2.9, 2.1 0, 2.11, 2.12, 2.13 and 2.14, as each agreement may be renewed, amended, extended or otherwise modified (the "Guaranteed Obligations"). Guarantor's obligations are due at the time of any breach by Merchant of any representation, warranty, or covenant made by Merchant in the Agreement.

**Guarantor Waivers.** In the event of a breach of the above, 24 CAPITAL, may seek recovery from Guarantors for all of 24 CAPITAL'S losses and damages by enforcement of 24 CAPITAL'S rights under this Agreement without first seeking to obtain payment from Merchant, any other guarantor, or any Collateral or Additional Collateral 24 CAPITAL, may hold pursuant to this Agreement or any other guaranty.
24 CAPITAL, does not have to notify Guarantor of any of the following events and Guarantor will not be released from its obligations under this Agreement if it is not notified of: (i) Merchant's failure to pay timely any amount owed under the Merchant Agreement; (ii) any adverse change in Merchant's financial condition or business; (iii) any sale or other disposition of any collateral securing the Guaranteed Obligations or any other guaranty of the Guaranteed Obligations; (iv) 24 CAPITAL'S acceptance of this Agreement; and (v) any renewal, extension or other modification of the Merchant Agreement or Merchant's other obligations to 24 CAPITAL,. In addition, 24 CAPITAL, may take any of the following actions without releasing Guarantor from any of its obligations under this Agreement: (i) renew, extend or otherwise modify the Merchant Agreement or Merchant's other obligations to 24 CAPITAL,; (ii) release Merchant from its obligations to 24 CAPITAL,; (iii) sell, release, impair, waive or otherwise fail to realize upon any collateral securing the Guaranteed Obligations or any other guaranty of the Guaranteed Obligations; and (iv) foreclose on any collateral securing the Guaranteed Obligations or any other guaranty of the Guaranteed Obligations in a manner that impairs or precludes the right of Guarantor to obtain reimbursement for payment under this Agreement. Until the Merchant Amount plus any accrued but unpaid interest and Merchant's other obligations to 24 CAPITAL, under the Merchant Agreement and this Agreement are paid in full, Guarantor shall not seek reimbursement from Merchant or any other guarantor for any amounts paid by it under this Agreement. Guarantor permanently waives and shall not seek to exercise any of the following

INITIAL_____

rights that it may have against Merchant, any other guarantor, or any collateral provided by Merchant or any other guarantor, for any amounts paid by it, or acts performed by it, under this Agreement: (i) subrogation; (ii) reimbursement; (iii)

performance; (iv) indemnification; or (v) contribution. In the event that 24 CAPITAL, must return any amount paid by Merchant or any other guarantor of the Guaranteed Obligations because that person has become subject to a proceeding under the United States Bankruptcy Code or any s imilar law, Guarantor's obligations under this Agreement shall include that amount.

**Guarantor Acknowledgement**. Guarantor acknowledges that: (i) He/She understands the seriousness of the provisions of this Agreement; (ii) He/She has ha d a full opportunity to consult with counsel of his/her choice; and (iii) He/She has consulted with counsel of its choice or has decided not to avail himself/herself of that opportunity.

**Joint and Several Liability**. The obligations hereunder of the persons or entities constituting Guarantor under this Agreement are joint and several.

**THE TERMS, DEFINITIONS, CONDITIONS AND INFORMATION SET FORTH IN THE "MERCHANT AGREEMENT", INCLUDING THE "TERMS AND CONDITIONS", ARE HEREBY INCORPORATED IN AND MADE A PART OF THIS SECURITY AGREEMENT AND GUARANTY. CAPITALIZED TERMS NOT DEFINED IN THIS SECURITY AGREEMENT AND GUARANTY, SHALL HAVE THE MEANING SET FORTH IN THE MERCHANT AGREEMENT, INCLUDING THE TERMS AND CONDITIONS.**

**MERCHANT #1** ROBERT MICHAEL PETERS

By:

(Print Name and Title)                                                 (Signature)

SS#:  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                              Drivers License Number:  8943-65-0453

**MERCHANT #2**                                                              :

By:

(Print Name and Title)                                                 (Signature)

SS#:                                             Drivers License Number:

**OWNER/GUARANTOR #1**

By:  ROBERT MICHAEL PETERS

(Print Name and Title)                                                 (Signature)

SS#:  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                              Drivers License Number:  8943-65-0453

**OWNER/GUARANTOR #2**

By:

(Print Name and Title)                                                 (Signature)

SS#:                                             Drivers License Number:

## APPENDIX A: THE FEE STRUCTURE:

A. **Origination Fee**- covers Underwriting and related expenses.

B. **ACH Program Fee**- ACH's are labor intensive and are not an automated process, requiring us to charge this fee to cover costs.

C. **Miscellaneous Service Fees** - Merchant shall pay certain fees for services related to the origination and maintenance of Accounts. Each Merchant shall receive their funding electronically to their designated bank account and will be charged $50.00 for a Fed Wire or $50.00 for a bank ACH and $200.00 for UCC filing and subsequent removal. The Current charge for the underwriting and origination of each Merchant Agreement is paid from the funded amount. Merchant will be charged $25.00 for every additional change of their operating bank account once they are active with 24 CAPITAL,.         of prior monthly statements will incur a fee of $10.00 Additional copies each.

| | | |
|---|---|---|
| **PURCHASE PRICE** | $ | 184,796.06 |
| A. Origination Fee | $ | 0.00 |
| B. ACH Program Fee | $ | 12,935.72 |
| C. Service Fees | $ | 0.00 |
| Risk Assesment Fee | $ | 0.00 |
| Fed Wire/ACH Credi t Fee | $ | 0.00 |
| UCC Fee | $ | 240.00 |
| Outstanding Advance | $ | 171,860.34 |
| **Net Amount to Merchant** | $ | 0.00 |

**Additional Fees:**

1. **NSF Fee (Standard)**-$ 35.00 (each)        Up to **FOUR TIMES ONLY** before a default is declared.

2. **Rejected ACH** - $1,000.00 When Merchant Directs the Bank to reject our Debit ACH

3. **Bank Change Fee** - $50.00 --When Merchant requires a change of Bank Account to be debited, requiring us to adjust our system.

4. **Blocked Account**- $2,500.00 --When Merchant BLOCKS Account from our Debit ACH Which places them in default (per contract).

5. **Default Fee**- $2,500.00 -- When Merchant diverts its Receivables from the bank account agreed upon in the "Authorization Agreement for Direct Deposit (ACH Credit) and Direct Payments (ACH Debits)" or Changes its Credit Card Processing thus terminating or diverting the agreed upon Split.

6. **Account Management Fee**- At the end of each month, Merchant will pay to 24 CAPITAL, an Account Management Fee. This fee will not be applied towards the reduction of the Purchased Amount. This monthly fee w i l l equal to $45.

Merchant 1 (Sign)_____Print Name: ROBERT MICHAEL PETERS_____

Merchant 2 (Sign)_____Print Name: _____

## Merchant Verification Form

## Merchant Name:

Please
check one

| | YES | NO |
|---|---|---|
| Do you currently or within the last 90 days have any intentions, plans or discussions regarding closing your Business? | YES | NO |
| Do you currently or within the least 90 days have any intentions, plans or discussions to change the name or legal structure of the business? | YES | NO |
| Are you currently in, or contemplating personal bankruptcy? | YES | NO |
| Are you currently in, or contemplating business bankruptcy? | YES | NO |
| Is your business currently for sale? | YES | NO |
| Do you have any existing merchant cash advance balances? | YES | NO |
| Are you involved in any litigation proceedings or are a party to a lawsuit? | YES | NO |
| Is your business currently in default of any agreement with a creditor? | YES | NO |
| Is your business currently in forbearance agreement with a creditor? | YES | NO |
| Will selling the Future Receivables cause you to breach any agreement with a creditor? | YES | NO |

If you have answered YES to any of the above questions, please explain:

| |
|---|
| |
| |

I hereby certify that the above statements are true and correct to the best of my knowledge; I authorize my landlord and credit card processor to discuss confidential account information for the purpose of satisfying the requirements of 24 CAPITAL,. LLC.

Completed and attested by:

Signature: _____

Print Name: ROBERT MICHAEL PETERS

Date: 02/21/2019

Attachment A

Weekly Advance Addendum to the
Merchant Agreement

This Weekly Advance Addendum amends the Merchant Agreement and Security Agreement between 24 CAPITAL, and the merchant listed below (the "Merchant") dated 02/21/2019 (the "Agreement"). All capitalized terms used in his Addendum shall have the same meaning as defined in the Agreement. Except as modified below, the terms of the Agreement remain in full force and effect.

## MERCHANT INFORMATION

Merchant's Legal Name: PETERS BROADCAST ENGINEERING INC

D/B/A: PETERS BROADCAST ENGINEERING INC

## AGREEMENT AS TO WEEKLY ADVANCES

1. Weekly Sale and Purchase of Merchant's Future Receipts: Merchant hereby offers to sell and 24 CAPITAL, agrees to purchase, up to the Receipts Purchased Amount, future Receipts on a weekly basis according to the attached schedule. 24 CAPITAL, shall have the right to terminate the purchase of any additional future Receipts as set forth in Section 2 of this Addendum.

2. 24 CAPITAL'S Obligation to Make Future Purchases: 24 CAPITAL, reserves the right to terminate its obligation to make the weekly purchases at its option at any time after: (i) Any Event of Default, as defined in the Agreement, has occurred;(ii) Merchant fails to provide to 24 CAPITAL, a monthly Account statement, access codes to the Account, or a snap shot of the Merchant's bank statements by the 15 day of the following month; (iii) Merchant obtains any additional funding without providing prior written notice to and receiving written approval from 24 CAPITAL,; (iv) the Specific Daily Amount is not available for ACH by 24 CAPITAL, on five business days in any 20 business day period; (v) Merchant has a 20% decline in monthly deposits that is not due to regular seasonal payment fluctuations; or (vi) 24 CAPITAL, believes in its sole judgment that Merchant's business may not be able to generate future Receipts sufficient to deliver the Purchased Receipts in a timely manner. If weekly purchases are terminated, the Merchant will remain obligated to deliver the Specific Daily Amount to 24 CAPITAL, until 24 CAPITAL, has received the Receipts 24 CAPITAL, purchased prior to termination and to comply with all other provisions of this Agreement.

THE TERMS OF THIS ATTACHMENT A ARE HEREBY INCORPORATED IN AND MADE A PART OF THE MERCHANTAGREEMENT IDENTIFIED ABOVE.

**FOR THE MERCHANT (#1)**
By: PETERS BROADCAST ENGINEERING INC
_____         _____
      (Print Name and Title)                                    (Merchant 1 Signature)
**FOR THE MERCHANT (#2)**
By: _____

_____         _____
      (Print Name and Title)                                    (Merchant 2 Signature)
**FOR OWNER (#1)**

By: ROBERT MICHAEL PETERS
_____         _____
      (Print Name and Title)                                    (Merchant 1 Signature)
**FOR OWNER (#2)**
By: _____

_____         _____
                                       (Merchant 2 Signature)

Sales Associate Name: _____
_____                    (Signature)

INITIAL_____

| 24 CAPITAL, Weekly Distribution Grid- Special Agreement | 1 | 2 | 3 | 4 | 5 |
|---|---|---|---|---|---|
| Company Name: PETERS BROADCAST ENGINEERING INC | $ 17,126.35 | $ 17,126.35 | $ 16,233.35 | $ 14,106.35 | $ 14,106.35 |
| D/B/A: PETERS BROADCAST ENGINEERING INC | 6 | 7 | 8 | 9 | 10 |
| week | $ 14,106.35 | $ 11,336.35 | $ 9,828.35 | $ 9,081.35 | $ 9,081.35 |
| Weekly payment to merchant | 11 | 12 | 13 | 14 | 15 |
| Merchants Name: ROBERT MICHAEL PETERS | $ 7,980.35 | $ 6,636.35 | $ 6,636.35 | $ 6,636.35 | $ 5,336.35 |
| Merchant Signature:_____ | 16 | 17 | | | |
| Title:_____Date_____ | $ 3,386.35 | $ 3,115.74 | | | |

## AUTHORIZATION AGREEMENT FOR DIRECT DEPOSIT (ACH CREDIT) AND DIRECT PAYMENTS (ACH DEBITS)

This Authorization Agreement for Direct Deposit (ACH Credit) and Direct Payments (ACH Debits) is part of (and incorporated by reference into) the Merchant Agreement. Merchant should keep this important legal document for Merchant's records.

DISBURSEMENT OF ADVANCE PROCEEDS. By signing below, Merchant authorizes 24 CAPITAL, to disburse the Advance proceeds less the amount of any applicable fees upon Advance approval by initiating an ACH credit to the checking account indicated below (or a substitute checking account Merchant later identifies and is acceptable to 24 CAPITAL,) (hereinafter referred to as the "Designated Checking Account") This authorization is to remain in full force and effect until 24 CAPITAL, has received written notification from Merchant of its termination in such time and in such manner as to afford 24 CAPITAL, and Merchant's depository bank a reasonable opportunity to act on it.

BUSINESS PURPOSE ACCOUNT. By signing below, Merchant attest that the Designated Checking Account was established for business purposes and not primarily for personal, family or household purposes.

MISCELLANEOUS. 24 CAPITAL, is not responsible for any fees charged by Merchant's bank as the result of credits or debits initiated under this agreement. The origination of ACH transactions to Merchant's account must comply with the provisions of U.S.law.

I, (We)   PETERS BROADCAST ENGINEERING INC   Hereby Authorize, <u>24 CAPITAL, LLC</u> (Hereinafter known as "24 CAPITAL") to Electronically (ACH) debit the Bank Account Below, of which I am a signer:

Bank Name: <u>PNC BANK</u>                    Branch: _____ Tax ID: <u>35-2041858</u>

ABA: Routing: <u>071921891</u>                    DDA: Account: <u>4622165844</u>

For the amount of: $ **2,568.95**   (Or) Percentage of each Banking Deposit: %   <u>25%</u>

On the Following Days: <u>MONDAY-FRIDAY</u>

This authorization is to remain in full force and effect until COMPANY has received written notification from me at least 5 banking days prior of its termination to afford COMPANY a reasonable opportunity to act on it. On the Following Days:

Signer (Print Name /Title) <u>ROBERT MICHAEL PETERS</u>   Date: <u>02/21/2019</u>

X

_____

Thank you for accepting an offer from 24 CAPITAL, LLC. ("24 CAPITAL,") We look forward to being your funding partner for as long as you need.

Please note that the way your advance is set up 24 CAPITAL, needs viewing access to your bank account each business day in order to calculate the amount of your daily payment. Please be assured that we will carefully safeguard your confidential information and only essential personnel will have access to it.

24 CAPITAL, LLC will also require viewing access to your bank account, prior to funding, as part of the underwriting process.

Please fill out the form below with the access information for your account. Bank portal Website:

Username:

Password:

Security Question/Answer 1:                                                                                    —

Security Question/Answer 2:                                                                                    —

Security Question/Answer 3: _____    —

Any other information necessary to access your account: _____    —

_____

_____

_____

_____

_____

_____

Please note in the event we cannot access your account we will take an estimated payment plus a $39 fee for each day we don't have access. If you have any questions please feel free to contact our cash management department.

Owner/Officer(s)


ROBERT MICHAEL PETERS

_____              _____              _____
(Signature)                                   (Print name)                                   (Date)


_____              _____              _____
(Signature)                                   (Print name)                                   (Date)

## BANK ACCOUNT DISCLOSURE AFFIDAVIT

For the purpose of obtaining the Business Cash Advance evidence by the Merchant Agreement of this same date herewith (the "Business Cash Advance") from 24 CAPITAL,, LLC, the undersigned Seller/Merchant hereby makes the following statement under penalty of law:

**PLEASE SIGN OPTION ONE OR TWO**

**OPTION 1 – DISCLOSURE AND AUTHORIZATION FOR ADDITIONAL ACCOUNTS:**

The Seller/Merchant hereby declares that in addition to the designated for ACH debit, the Seller/Merchant also has the following additional account(s) which he authorizes us to use in the event we are unable to debit from the designated account:

Bank Name
Name on Account
Account Number
Routing Number
Fed ID number associated with this account
Name associated with this account
Phone number of person whose name is associated with this account

Bank Name
Name on Account
Account Number
Routing Number
Fed ID number associated with this account
Name associated with this account
Phone number of person whose name is associated with this account

Bank Name
Name on Account
Account Number
Routing Number
Fed ID number associated with this account
Name associated with this account
Phone number of person whose name is associated with this account

Bank Name
Name on Account
Account Number
Routing Number
Fed ID number associated with this account
Name associated with this account
Phone number of person whose name is associated with this account

**attach additional pages if necessary**

The Seller/Merchant declares and warrents that it currently maintains no other bank account at any financial institution other than those banks and accounts referenced above.

Seller/Merchant Signature_____Dated _____

Seller/Merchant Signature_____Dated _____

**OPTION 2** - By signing below, the merchant swears, under penalty of law, that he has no accounts in any lending institution in addition to the one provided for ACH debit

Seller/Merchant Signature_____Dated _____

Seller/Merchant Signature_____Dated _____

INITIAL_____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM
-------------------------------------------------------------------x

24 CAPITAL, LLC,                                    INDEX NO:

                                    Plaintiff,

                                                   **JUDGMENT BY CONFESSION**

        -against-

PETERS BROADCAST ENGINEERING INC and
ROBERT MICHAEL PETERS,

                                    Defendants.
-------------------------------------------------------------------x

| | |
|---|---:|
| Amount Confessed --------------------------------------------------- | $74,500.00 |
| Less Amount Paid --------------------------------------------------- | -$56,687.50 |
| Principal Amount Due --------------------------------------------- | $17,812.50 |
| Interest on $17,812.50 from April 23, 2019 -------------------------- | $75.70 |
| Fees Pursuant to Agreement/Affidavit of Confession --------- | $2,500.00 |
| Attorney's Fees ----------------------------------------------------- | $4,528.30 |

| | | |
|---|---:|---:|
| Costs by statute (CPLR §3218) ---------------------- | $15.00 | |
| Filing Fee --------------------------------------------- | $210.00 | |
| Total Costs and Disbursements ----------------------------- | | $225.00 |

Costs Taxed at $225.00

**TOTAL JUDGMENT** ------------------------------------------- **$22,641.50**

**STATE OF NEW YORK: COUNTY OF NASSAU:**

        The undersigned, an attorney admitted to practice in the State of New York, and the attorney of record for the plaintiff in the above entitled action, affirms that the disbursements above specified have been or will necessarily be made or incurred herein and are reasonable in amount.

**DATED:**    May 10, 2019

                        DAVID FOGEL P.C.

                        David Fogel, Esq.
                        1225 Franklin Avenue
                        Suite 522
                        Garden City, New York 11530
                        Tel: 516-279-1420
                        *Attorney for Plaintiff*




# NYSCEF - Putnam County Supreme Court
# Confirmation Notice

This is an automated response for Supreme Court cases.  The NYSCEF site has received your
electronically filed documents for the following case.

### 500736/2019

### 24 CAPITAL, LLC, v. PETERS BROADCAST ENGINEERING INC et al

### Assigned Judge: None Recorded

## Documents Received on   05/10/2019 04:07 PM

| Doc # | Document Type | Motion # |
|-------|---------------|----------|
| 2 | AFFIDAVIT | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |

## Filing User

| | | | |
|--|--|--|--|
| Name: | **David Fogel** | | |
| Phone #: | **5162791420** | E-mail Address: | **david@dfogellaw.com** |
| Fax #: | | Work Address: | **1225 Franklin Ave** |
| | | | **Suite 522** |
| | | | **Garden City, NY 11530** |

## E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on
05/10/2019 04:07 PM :

**FOGEL, DAVID - david@dfogellaw.com**

**NOTE: If submitting a working copy of this filing to the court, you must include
as a notification page firmly affixed thereto a copy of this Confirmation Notice.**

Michael C. Bartolotti, Putnam County Clerk
Phone: 845.808.1142      Fax: Extension 49306      Website: http://www.nycourts.gov/courts/9jd/e-file.shtml

**NYSCEF Resource Center - EFile@nycourts.gov**
**Phone:** (646) 386-3033      **Fax:** (212) 401-9146      **Website:** www.nycourts.gov/efile
Page 1 of 1




# NYSCEF - Putnam County Supreme Court
# Confirmation Notice

This is an automated response for Supreme Court cases. The NYSCEF site has received your electronically filed documents for the following case.

**500736/2019**

**24 CAPITAL, LLC, v. PETERS BROADCAST ENGINEERING INC et al**

**Assigned Judge: None Recorded**

## Documents Received on   05/10/2019 04:06 PM

| Doc # | Document Type | Motion # |
|-------|---------------|----------|
| 3 | JUDGMENT BY CONFESSION (PROPOSED) | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |

## Filing User

Name:   **David Fogel**
Phone #:   **5162791420**         E-mail Address:   **david@dfogellaw.com**
Fax #:                            Work Address:   **1225 Franklin Ave**
                                                  **Suite 522**
                                                  **Garden City, NY 11530**

## E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on 05/10/2019 04:06 PM :

**FOGEL, DAVID - david@dfogellaw.com**

**NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.**

Michael C. Bartolotti, Putnam County Clerk
Phone: 845.808.1142     Fax: Extension 49306     Website: http://www.nycourts.gov/courts/9jd/e-file.shtml

**NYSCEF Resource Center -  EFile@nycourts.gov**
**Phone: (646) 386-3033     Fax: (212) 401-9146     Website: www.nycourts.gov/efile**

 

# NYSCEF - Putnam County Supreme Court
# Confirmation Notice

This is an automated response for Supreme Court cases.  The NYSCEF site has received your electronically filed documents for the following case.

**500736/2019**

**24 CAPITAL, LLC, v. PETERS BROADCAST ENGINEERING INC et al**

Assigned Judge: None Recorded

## Documents Received on   05/13/2019 10:47 AM

| Doc # | Document Type | Motion # |
|-------|---------------|----------|
| 4 | JUDGMENT | |

## Court User

## E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on 05/13/2019 10:47 AM :

**FOGEL, DAVID - david@dfogellaw.com**

**NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.**

**Michael C. Bartolotti, Putnam County Clerk**
Phone: 845.808.1142     Fax: Extension 49306     Website: http://www.nycourts.gov/courts/9jd/e-file.shtml

**NYSCEF Resource Center -  EFile@nycourts.gov**
**Phone: (646) 386-3033     Fax: (212) 401-9146     Website: www.nycourts.gov/efile**

Page 1 of  1




# NYSCEF - Putnam County Supreme Court
# Confirmation Notice

This is an automated response for Supreme Court cases.  The NYSCEF site has received your electronically filed documents for the following case.

### 500736/2019

### 24 CAPITAL, LLC, v. PETERS BROADCAST ENGINEERING INC et al

### Assigned Judge: None Recorded

## Documents Received on    05/10/2019 04:08 PM

| Doc # | Document Type | Motion # |
|---|---|---|
| 1 | CONFESSION OF JUDGMENT (AFFIDAVIT OF DEFENDANT) | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |

## Filing User

| | | | |
|---|---|---|---|
| Name: | **David Fogel** | | |
| Phone #: | **5162791420** | E-mail Address: | **david@dfogellaw.com** |
| Fax #: | | Work Address: | **1225 Franklin Ave** |
| | | | **Suite 522** |
| | | | **Garden City, NY 11530** |

## E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on 05/10/2019 04:08 PM :

**FOGEL, DAVID - david@dfogellaw.com**

**NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.**

Michael C. Bartolotti, Putnam County Clerk
Phone: 845.808.1142    Fax: Extension 49306    Website: http://www.nycourts.gov/courts/9jd/e-file.shtml

**NYSCEF Resource Center -  EFile@nycourts.gov**
**Phone: (646) 386-3033    Fax: (212) 401-9146    Website: www.nycourts.gov/efile**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM
-----------------------------------------------------------------------------X

24 CAPITAL, LLC,                                                    INDEX NO:

                                        Plaintiff,
                                                                   **PLAINTIFF'S AFFIDAVIT**

        -against-

PETERS BROADCAST ENGINEERING INC and ROBERT
MICHAEL PETERS,

                                        Defendants.
-----------------------------------------------------------------------------X

STATE OF FLORIDA        )
COUNTY OF MIAMI-DADE        ) ss.

        **JASON SANKOV**, being duly sworn, deposes and says:

        1.        I am an Operations Manager of 24 CAPITAL, LLC, the Plaintiff herein and, as such,
I am fully familiar with the facts and circumstances stated herein. This affidavit is based upon
my personal knowledge, except as to those matters stated upon information and belief, and as
to those matters, I believe them to be true.

        2.        I make this affidavit in support of Plaintiff's application for a judgment against the
above-named defendants (collectively referred to herein as, "Defendant").

        3.        Plaintiff and Defendant entered into an agreement (the "Agreement") on or about
January 10, 2019, pursuant to which Plaintiff purchased certain future receivables from Defendant.
The value of those purchased receivables was $74,500.00 (the "Receivables").

        4.        Pursuant to the terms of the Agreement, Defendant was obliged to deliver a
percentage of Defendant's receivables to Plaintiff on a daily basis in the amount of $677.28.

        5.        From on or about January 17, 2019 through May 09, 2019, Defendant delivered to
Plaintiff the net amount, after applicable fees, if any, totaling $56,687.50.

        6.        On or about and as of April 23, 2019, Defendant failed to deliver the Receivables to
Plaintiff as required by the Agreement, which failure constitutes an "event of default" under the
terms of the Agreement.

7.      Upon information and belief, Defendant caused the Receivables to be deposited into a separate account, blocked the ACH payment due Plaintiff and thereby converted the Receivables so that Plaintiff could not collect the Receivables and/or prevented Plaintiff from collecting the aforesaid daily amount due to non-sufficient funds, or otherwise prevented Plaintiff from collecting the aforesaid daily amount and thereby defaulted under the terms of the Agreement or otherwise violated a material term of the Agreement which constituted an event of default.

8.      The Agreement does not require Plaintiff to serve Defendant with any notice of default.

9.      Defendant defaulted on or about April 23, 2019, leaving a principal balance due on the Receivables in the amount of $17,812.50.

10.     As of May 10, 2019, Defendant delivered to Plaintiff the sum of $56,687.50 in Receivables thereby leaving a current outstanding principal balance in the amount of $17,812.50.

11.     The amount of the Receivables purchased by Plaintiff which have not been delivered to Plaintiff is $17,812.50.

12.     Defendant breached its obligations and remains in default.

13.     Based on the above, there is a current outstanding balance of Receivables owed to Plaintiff pursuant to the Agreement in the amount of $17,812.50.

14.     Therefore, I respectfully request that judgment be granted in favor of Plaintiff.

JASON SANKOV

SWORN TO BEFORE ME THIS
_10_ DAY OF _May_, 20_19_

NOTARY PUBLIC

DIANA DOMINGUEZ
NOTARY PUBLIC
STATE OF FLORIDA
Comm# GG035305
Expires 10/3/2020

INDEX NO. 500736/2019

NYSCEF DOC. NO. 4

RECEIVED NYSCEF: 05/13/2019

File No.: 1937

**JUDGMENT ENTERED ON** _____05/13/2019_____:

**NOW, ON MOTION OF** David Fogel, attorney for plaintiff, it is

**ADJUDGED** that the plaintiff, 24 CAPITAL, LLC, having an address at 31-10 37TH AVE., SUITE 202, LONG ISLAND CITY, NY 11101, does recover of the defendants, jointly and severally, PETERS BROADCAST ENGINEERING INC and ROBERT MICHAEL PETERS, each having an address at

    425 W LUDWIG RD
    FORT WAYNE, IN 46825, and

    140 LANE 570 LAKE JAMES
    FREEMONT, IN 46737,

the sum of $17,812.50, with interest thereon in the amount of $75.70, as calculated at the rate of 16% per annum from April 23, 2019, pursuant to the underlying agreement/affidavit of confession, attorney's fees in the amount of $4,528.30; together with $225.00 in costs and disbursements, amounting in all to the sum of **$22,641.50**; and that plaintiff have execution therefor.

_____
                **CLERK**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM

-----------------------------------------------------------------------x

24 CAPITAL, LLC,                                                    INDEX NO:

                                        Plaintiff,

                                                                   **JUDGMENT BY CONFESSION**

        -against-

PETERS BROADCAST ENGINEERING INC and
ROBERT MICHAEL PETERS,

                                        Defendants.

        -----------------------------------------------------------------x

| | |
|---|---|
| Amount Confessed | $255,962.21 |
| Less Amount Paid | -$91,576.68 |
| Principal Amount Due | $71,010.53 |
| Interest on $71,010.53 from April 01, 2019 | $692.35 |
| Fees Pursuant to Agreement/Affidavit of Confession | $2,500.00 |
| Attorney's Fees | $23,736.20 |

| | | |
|---|---|---|
| Costs by statute (CPLR §3218) | $15.00 | |
| Filing Fee | $210.00 | |
| Total Costs and Disbursements | | $225.00 |

**TOTAL JUDGMENT** ————————————————— **$89,909.85**

**STATE OF NEW YORK: COUNTY OF NASSAU:**

        The undersigned, an attorney admitted to practice in the State of New York, and the
attorney of record for the plaintiff in the above entitled action, affirms that the disbursements
above specified have been or will necessarily be made or incurred herein and are reasonable in
amount.

**DATED:**        May 13, 2019

                                        DAVID FOGEL P.C.

                                        David Fogel, Esq.
                                        **1225 Franklin Avenue**
                                        **Suite 522**
                                        **Garden City, New York 11530**
                                        **Tel: 516-279-1420**
                                        *Attorney for Plaintiff*

File No.: 1938

**JUDGMENT ENTERED ON** _____:

**NOW, ON MOTION OF** David Fogel, attorney for plaintiff, it is

**ADJUDGED** that the plaintiff, 24 CAPITAL, LLC, having an address at 31-10 37TH AVE., SUITE 202, LONG ISLAND CITY, NY 11101, does recover of the defendants, jointly and severally, PETERS BROADCAST ENGINEERING INC and ROBERT MICHAEL PETERS, each having an address at

> 425 W LUDWIG RD
> FORT WAYNE, IN 46825, and

> 140 LANE 570 LAKE JAMES
> FREEMONT, IN 46737,

the sum of $71,010.53, with interest thereon in the amount of $692.35, as calculated at the rate of 16% per annum from April 01, 2019, pursuant to the underlying agreement/affidavit of confession, attorney's fees in the amount of $23,736.20; together with $225.00 in costs and disbursements, amounting in all to the sum of **$89,909.85**; and that plaintiff have execution therefor.

_____
                                **CLERK**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM

---

24 CAPITAL, LLC

                                        Plaintiff,

-against-

PETERS BROADCAST ENGINEERING INC and
ROBERT MICHAEL PETERS,

                                        Defendants.

---

Index No.

**AFFIDAVIT OF
CONFESSION OF JUDGMENT**

STATE OF ℐ𝒩𝒟𝐼𝒪𝒰𝒫 )
                                        )
COUNTY OF 𝒜𝓁𝓁𝓇𝓎 )

ROBERT MICHAEL PETERS, being duly sworn, deposes and says:

1.      I am a principal, owner, and an officer of PETERS BROADCAST ENGINEERING INC
("Merchant Defendant"), a corporation located at 425 W LUDWIG RD, FORT WAYNE, IN 46825, in
the County of ALLEN, and as such, I have the authority to act on behalf of Merchant Defendant and have
been authorized to execute this affidavit of confession of judgment.

2.      I reside at 140 LANE 570 LAKE JAMES, FREEMONT, IN 46737, in the County of
Steuben.

3.      I, individually, and on behalf of Merchant Defendant consent to the jurisdiction of this
Court.

4.      Merchant Defendant hereby confesses judgment and authorizes entry of judgment in
favor of Plaintiff and against Defendants in the Federal District Court for the Southern District of New
York, Supreme Court of the State of New York, County of New York, Supreme Court of the State of
New York, County of Westchester, Supreme Court of the State of New York, County of Nassau, Supreme
Court of the State of New York, County of Richmond, Supreme Court of the State of New York, County
of Putnam, Supreme Court of the State of New York, County of Erie, Supreme Court of the State of New
York, County of Ontario, Supreme Court of the State of New York, County of Niagara and/or Civil Court
of the City of New York, County of New York in the sum of $255,962.21 less any payments timely made
pursuant to the secured Merchant Agreement dated 02/21/2019, plus legal fees to Plaintiff calculated at

1

twenty five percent (25%) of the total of the aforesaid sums, costs, expenses and disbursements and interest at the rate of 9% per annum from 02/21/2019, or the highest amount allowed by law, whichever is greater. Such amount shall be set forth in an affidavit to be executed by Plaintiff or an affirmation by Plaintiff's attorney, which shall be attached hereto at the time of entry of this Affidavit of Confession of Judgment.

5.     In addition, I hereby confess judgment, individually and personally, jointly and severally, and authorize entry of judgment in favor of Plaintiff and against myself in the Federal District Court for the Southern District of New York, Supreme Court of the State of New York, County of New York, Supreme Court of the State of New York, County of Westchester, Supreme Court of the State of New York, County of Nassau, Supreme Court of the State of New York, County of Richmond, Supreme Court of the State of New York, County of Putnam, Supreme Court of the State of New York, County of Erie, Supreme Court of the State of New York, County of Ontario, Supreme Court of the State of New York, County of Niagara and/or Civil Court of the City of New York, County of New York, against me personally in the sum of $255,962.21 less any payments timely made pursuant to the Merchant Agreement dated 02/21/2019, plus legal fees to Plaintiff calculated at twenty five percent (25%) of the total of the aforesaid sums, costs, expenses and disbursements and interest at the rate of 9% per annum from 02/21/2019, or the highest rate allowed by law, whichever is greater. Such amount shall be set forth in an affidavit to be executed by Plaintiff or an affirmation by Plaintiff's attorney, which shall be attached hereto at the time of entry of this Confession of Judgment.

6.     This confession of judgment is for a debt due to Plaintiff arising from Defendants' failure to pay to Plaintiff, Merchant Defendant's accounts-receivable, which were purchased by Plaintiff pursuant to the secured Merchant Agreement dated 02/21/2019, and for Defendants' breach of the secured Merchant Agreement, plus agreed-upon interest, reasonable attorneys' fees, costs and disbursements, as agreed-upon by Merchant Defendant and myself, under the secured Merchant Agreement, dated 02/21/2019, of which supporting documents include a Personal Guarantee and a UCC-1 financing statement(s).

2

7.     Merchant Defendant and I hereby agree that the execution and delivery of this Affidavit of Confession of Judgment and any entry of judgment thereon shall be without prejudice to any and all rights of Plaintiff, who reserves all of its rights and remedies against Defendants.

8.     If for any reason entry of judgment in the above specified amount or execution on the same is outside the jurisdiction of this Court, Merchant Defendant and I hereby consent to the personal jurisdiction, entry of judgment, and execution thereon in any State or Federal Court of the United States of America.

9.     I have been authorized by Merchant Defendant to sign this Affidavit of Confession of Judgment.

By: _____

ROBERT MICHAEL PETERS, individually,
and on behalf of PETERS BROADCAST
ENGINEERING INC

Sworn to before me this
_____ Day of _____, 2019.

_____
Notary Public

Lisa M. Lowe
Notary Public - State of Indiana
Allen County
Commission Number 705062
My Commission Expires
September 10, 2025

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM

-------------------------------------------------------------------x

24 CAPITAL, LLC,                                          **INDEX NO:**

                              Plaintiff,

                                                         **PLAINTIFF'S AFFIDAVIT**

         -against-

PETERS BROADCAST ENGINEERING INC and ROBERT
MICHAEL PETERS,

                              Defendants.

-------------------------------------------------------------------x

**STATE OF FLORIDA** )
**COUNTY OF MIAMI-DADE** ) ss.

         **JASON SANKOV,** being duly sworn, deposes and says:

         1.       I am an Operations Manager of 24 CAPITAL, LLC, the Plaintiff herein and, as such,
I am fully familiar with the facts and circumstances stated herein. This affidavit is based upon
my personal knowledge, except as to those matters stated upon information and belief, and as
to those matters, I believe them to be true.

         2.       I make this affidavit in support of Plaintiff's application for a judgment against the
above-named defendants (collectively referred to herein as, "Defendant").

         3.       Plaintiff and Defendant entered into an agreement (the "Agreement") on or about
February 21, 2019, pursuant to which Plaintiff purchased certain future receivables from
Defendant. The value of those purchased receivables was $255,962.21 (the "Receivables").

         4.       Pursuant to the terms of the Agreement, Defendant was obliged to deliver a
percentage of Defendant's receivables to Plaintiff on a daily basis in the amount of $1,962.85.

         5.       From on or about February 25, 2019 through May 09, 2019, Defendant delivered to
Plaintiff the net amount, after applicable fees, if any, totaling $91,576.68 and received an additional
credit in the amount of $93,375.00.

         6.       On or about and as of April 01, 2019, Defendant failed to deliver the Receivables to
Plaintiff as required by the Agreement, which failure constitutes an "event of default" under the

NYSCEF DOC. NO. 2 RECEIVED NYSCEF: 05/10/2019

terms of the Agreement.

7.     Upon information and belief, Defendant caused the Receivables to be deposited into a separate account, blocked the ACH payment due Plaintiff and thereby converted the Receivables so that Plaintiff could not collect the Receivables and/or prevented Plaintiff from collecting the aforesaid daily amount due to non-sufficient funds, or otherwise prevented Plaintiff from collecting the aforesaid daily amount and thereby defaulted under the terms of the Agreement or otherwise violated a material term of the Agreement which constituted an event of default.

8.     The Agreement does not require Plaintiff to serve Defendant with any notice of default.

9.     Defendant defaulted on or about April 01, 2019, leaving a principal balance due on the Receivables in the amount of $71,010.53.

10.     As of May 10, 2019, Defendant delivered to Plaintiff the sum of $91,576.68 in Receivables thereby leaving a current outstanding principal balance in the amount of $71,010.53.

11.     The amount of the Receivables purchased by Plaintiff which have not been delivered to Plaintiff is $71,010.53.

12.     Defendant breached its obligations and remains in default.

13.     Based on the above, there is a current outstanding balance of Receivables owed to Plaintiff pursuant to the Agreement in the amount of $71,010.53.

14.     Therefore, I respectfully request that judgment be granted in favor of Plaintiff.

_____
JASON SANKOV

SWORN TO BEFORE ME THIS

10 DAY OF May, 2019

DIANA DOMINGUEZ
NOTARY PUBLIC
STATE OF FLORIDA
Comm# GG035385
Expires 10/3/2020

NOTARY PUBLIC

 

# NYSCEF - Putnam County Supreme Court
# Confirmation Notice

This is an automated response for Supreme Court cases.  The NYSCEF site has received your electronically filed documents for the following case.

### 500734/2019

### 24 CAPITAL, LLC, v. PETERS BROADCAST ENGINEERING INC et al

### Assigned Judge: None Recorded

## Documents Received on   05/10/2019 03:30 PM

| Doc # | Document Type | Motion # |
|---|---|---|
| 1 | CONFESSION OF JUDGMENT (AFFIDAVIT OF DEFENDANT) | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |
| 2 | AFFIDAVIT | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |
| 3 | JUDGMENT BY CONFESSION (PROPOSED) | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |

## Filing User

Name:    **David Fogel**
Phone #:  **5162791420**          E-mail Address:   **david@dfogellaw.com**
Fax #:                            Work Address:     **1225 Franklin Ave**
                                                    **Suite 522**
                                                    **Garden City, NY 11530**

## E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on 05/10/2019 03:30 PM :

**FOGEL, DAVID - david@dfogellaw.com**

**NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.**

Michael C. Bartolotti, Putnam County Clerk
Phone: 845.808.1142     Fax: Extension 49306     Website: http://www.nycourts.gov/courts/9jd/e-file.shtml

**NYSCEF Resource Center -  EFile@nycourts.gov**
**Phone: (646) 386-3033     Fax: (212) 401-9146     Website: www.nycourts.gov/efile**




# NYSCEF - Putnam County Supreme Court
# Confirmation Notice

This is an automated response for Supreme Court cases.  The NYSCEF site has received your electronically filed documents for the following case.

### 500734/2019

### 24 CAPITAL, LLC, v. PETERS BROADCAST ENGINEERING INC et al

### Assigned Judge: None Recorded

## Documents Received on   05/10/2019 03:30 PM

| Doc # | Document Type | Motion # |
|-------|---------------|----------|
| 1 | CONFESSION OF JUDGMENT (AFFIDAVIT OF DEFENDANT) | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |
| 2 | AFFIDAVIT | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |
| 3 | JUDGMENT BY CONFESSION (PROPOSED) | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |

## Filing User

Name:     **David Fogel**
Phone #:  **5162791420**          E-mail Address:   **david@dfogellaw.com**
Fax #:                            Work Address:     **1225 Franklin Ave**
                                                    **Suite 522**
                                                    **Garden City, NY 11530**

## E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on 05/10/2019 03:30 PM :

**FOGEL, DAVID - david@dfogellaw.com**

**NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.**

**Michael C. Bartolotti, Putnam County Clerk**
Phone: 845.808.1142     Fax: Extension 49306     Website: http://www.nycourts.gov/courts/9jd/e-file.shtml

**NYSCEF Resource Center -  EFile@nycourts.gov**
**Phone: (646) 386-3033     Fax: (212) 401-9146     Website: www.nycourts.gov/efile**




# NYSCEF - Putnam County Supreme Court
# Confirmation Notice

This is an automated response for Supreme Court cases.  The NYSCEF site has received your electronically filed documents for the following case.

**500734/2019**

**24 CAPITAL, LLC, v. PETERS BROADCAST ENGINEERING INC et al**

**Assigned Judge: None Recorded**

## Documents Received on   05/13/2019 10:15 AM

| Doc # | Document Type | Motion # |
|---|---|---|
| 3 | JUDGMENT BY CONFESSION (PROPOSED) | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |

## Filing User

| | |
|---|---|
| Name: | **David Fogel** |
| Phone #: | **5162791420** |
| Fax #: | |

E-mail Address: **david@dfogellaw.com**

Work Address: **1225 Franklin Ave**
**Suite 522**
**Garden City, NY 11530**

## E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on 05/13/2019 10:15 AM :

**FOGEL, DAVID - david@dfogellaw.com**

**NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.**

Michael C. Bartolotti, Putnam County Clerk

Phone: 845.808.1142     Fax: Extension 49306     Website: http://www.nycourts.gov/courts/9jd/e-file.shtml

**NYSCEF Resource Center - EFile@nycourts.gov**
**Phone: (646) 386-3033     Fax: (212) 401-9146     Website: www.nycourts.gov/efile**

**PETERS BROADCASTING ENGINEERING, INC.**
**426 W. LUDWIG ROAD**
**FT. WAYNE, INDIANA 46825**

May 22, 2019

**VIA FEDERAL EXPRESS:  (212) 805-0136**
Clerk
United States District Court Southern District of New York
500 Pearl St.
New York, NY 10007

RE: *24 Capital, LLC vs. Peters Broadcasting Engineering, LLC, et al.*
*Putnam County, NY, Index Nos. 500734/2019 and 500736/2019*

Dear Sir or Madam:

Please find enclosed Notice of Removal and Notice of Filing of Removal and Motion for Admission Pro Hac Vice filed this day in the United States District Court for the Southern District of New York and the Supreme Court of New York for Putnam County, New York.

Sincerely,

Mike Peters

Enclosures

Cc:     david@fogellaw.com



**press**

Extremely Urgent

565J1JO66OZ3AD

SHIP DATE: 22MAY19
ACTWGT:
CAD: 110483823/NET4100

BILL SENDER

FedEx
Express
E

21910150197079iw

ORIGIN ID:GOQA        (614) 224-6528
PERCY SQUIRE

341 S. THIRD STREET, SUITE 10

COLUMBUS, OH 43215
UNITED STATES US

TO  CLERK
   USDC SDNY
   500 PEARL STREET

NEW YORK CITY NY 10007
(212) 805-0136
INV
PO                    REF
                      DEPT

THU - 23 MAY 3:00P
STANDARD OVERNIGHT

10007
EWR
NY-US

TRK#  7752 8952 6961
0201

E3 PCTA

▼ Insert shipping
  document here.

5/22/2019