UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---

24 CAPITAL FUNDING, LLC,

                Plaintiff,

-against-

PETERS BROADCASTING ENGINEERING, INC.
and ROBERT MICHAEL PETERS,

                Defendants.

No. 19-cv-4929 (NSR)

OPINION AND ORDER

---

NELSON S. ROMÁN, United States District Judge

On May 10, 2019, Plaintiff 24 Capital Funding, LLC ("Plaintiff") filed two judgments by confession against Defendants Peters Broadcasting Engineering, Inc. and Robert Michael Peters (together, "Defendants") in the Supreme Court of New York for Putnam County (Index Nos. 500734/2019 and 500736/2019). The judgments by confession stem from the breach of a series of financing agreements that Plaintiff and Defendants entered into, beginning in November 2018 through February 2019.[1] (See ECF No. 11 at 7.) On May 13, 2019, the Putnam County Clerk entered judgment in Index No. 500736/2019.[2] (ECF No. 2 at 28.) On May 28, 2019, Defendant Peters filed a Notice of Removal in this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1441.

---

[1] The Court notes that Defendant Robert Michael Peters' Affidavit of Confession of Judgment (ECF No. 2 at 31–33) ("Affidavit") contains provisions whereby Defendants expressly authorize entry of judgment in the Supreme Court of the State of New York, County of Putnam. The Affidavit states that Defendants "authoriz[e] entry of judgment in favor of Plaintiff and against [Defendants] in the Federal District Court for the Southern District of New York, Supreme Court of the State of New York, County of New York, Supreme Court of the State of New York, County of Westchester, Supreme Court of the State of New York, County of Nassau, Supreme Court of the State of New York, County of Richmond, Supreme Court of the State of New York, County of Putnam, Supreme Court of the State of New York, County of Erie, Supreme Court of the State of New York, County of Ontario, Supreme Court of the State of New York, County of Niagara and/or Civil Court of the City of New York, County of New York . . ." (Id. at ¶¶ 4–5.) The affidavit further provides that "I [Peters], individually and on behalf of Merchant Defendant consent to the jurisdiction of this Court [the Supreme Court of the State of New York for Putnam County]." (Id. at ¶ 3.)

[2] Based on the parties' submissions to date, it does not appear the Putnam County Clerk has entered judgment in Index No. 500734/2019 (See ECF No. 2 at 30; ECF No. 10, Ex. 1 at 8).

1

(ECF No. 2.)

After reviewing the record, this Court determined that its subject matter jurisdiction over the present action was likely lacking and issued an Order directing Defendants to show cause, on or before June 21, 2019, why this action should not be remanded to the Supreme Court of New York for Putnam County. (ECF No. 5.) On June 19, 2019, Plaintiff submitted a memorandum of law in support of remand. (ECF No. 9.) Defendants submitted a response to the Order on June 20, 2019. (ECF No. 11.)

After careful consideration of the parties' submissions, the Court finds that this matter should be remanded to the Supreme Court of New York for Putnam County.

## DISCUSSION

A "civil action" initially filed in state court may be removed by the defendant to the federal district court embracing the place where the state court action is pending, so long as the district court has original subject matter jurisdiction over the plaintiff's claim. *See* 28 U.S.C. § 1441; *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 271 (2d Cir. 1994). However, the removal jurisdiction of the federal courts is limited and should be "scrupulously confine[d]." *Shamrock Oil & Gas Corporation v. Sheets, et al.,* 313 U.S. 100, 109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) (quotations omitted); *Noel v. J.P. Morgan Chase Bank N.A.*, 918 F.Supp.2d 123, 125 (E.D.N.Y. 2013). "Removal jurisdiction must be strictly construed, both because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." *James v. Gardner,* 2004 WL 2624004, at *1 (E.D.N.Y. Nov.10, 2004) (citing *In re NASDAQ Market Makers Antitrust Litig.,* 929 F.Supp. 174, 178 (S.D.N.Y. 1996)).

In cases of removal, the removing party bears the burden of establishing that all jurisdictional requirements have been met. *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000); *see also United Food & Commercial Workers Union, Local 919, AFL-CIO v.*

*CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). Where subject matter jurisdiction is lacking, "the Court is obligated to decline removal and remand [the] case." *Newman & Cahn, LLP. v. Sharp*, 388 F. Supp. 2d 115, 117 (E.D.N.Y. 2005); *see also* 28 U.S.C. § 1447(c); *United Food & Commercial Workers Union, Local 919*, 30 F.3d at 301.

The federal removal statute applies to "any civil action," 28 U.S.C. § 1441, however, the judgments that Defendants have attempted to bring before this Court are not removable "actions." As the state statute governing judgments by confession, New York Civil Procedures Law and Rules § 3218, provides: "a judgment by confession may be entered, *without an action*, either for money due or to become due" (N.Y. C.P.L.R. § 3218(a)) (emphasis added) and "[t]he judgment may be docketed and enforced in the same manner and with the same effect as a judgment in an action in the supreme court." (N.Y. C.P.L.R. § 3218(b)). Thus, the statute itself distinguishes a "judgment by confession" as a matter distinct and separate from an "action."

Once a confession of judgment is filed and entered, no further proceedings remain; therefore, a confession of judgment does not amount to a removable "action." *See Pearl Beta Funding, LLC v. Biodata Med. Labs., Inc.*, No. 16-CV-1033S, 2019 WL 3940244, at *2 (W.D.N.Y. Aug. 21, 2019) (finding a judgment by confession insufficient to constitute a "claim" or "cause of action" subject to removal under another federal removal statute, 28 U.S.C. § 1452). Because the judgments by confession are not removable "actions" under 28 U.S.C. § 1441, Defendants' claims must be remanded.

Furthermore, the Court's subject matter jurisdiction is circumscribed in the instant case by the *Rooker-Feldman* doctrine.[3] The *Rooker-Feldman* doctrine "denies 'federal district courts . . . jurisdiction over cases that essentially amount to appeals of state court judgments.'" *Barbato v. U.S.*

---

[3] *See Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 414–15 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 468–73 (1983).

*Bank National Association*, 14-CV-2233 (NSR), 2016 WL 158588, at *2 (S.D.N.Y. Jan. 12, 2016) (citing *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014)). To apply the *Rooker-Feldman* doctrine, the Court must find that the following four requirements are met:

> (1) the federal-court plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by a state court judgment'; (3) the plaintiff 'invite[s] ... review and rejection of that judgment'; and (4) the state judgment was 'rendered before the district court proceedings commenced.'

*Vossbrinck*, 773 F.3d at 426 (citing *Hoblock v. Albany Cnty. Bd. of Elecs.*, 422 F.3d 77, 85 (2d Cir. 2005)). The Second Circuit characterizes the first and fourth elements as "procedural" and the second and third elements as "substantive." *Hoblock*, 422 F.3d at 85. Where a defendant has petitioned for removal from state court as the state-court loser, the *Rooker-Feldman* doctrine similarly applies. *See, e.g., Citibank, N.A. v. Swiatkoski*, 395 F. Supp. 2d 5, 9 (E.D.N.Y. 2005) (rejecting defendant's petition for removal under the *Rooker-Feldman* doctrine, where defendant was the state-court loser); *Grohs v. Grohs*, No. 3:17-CV-01605 (SRU), 2017 WL 4678182, at *4 (D. Conn. Oct. 17, 2017), *adhered to on reconsideration*, No. 3:17-CV-01605 (SRU), 2017 WL 5171845 (D. Conn. Nov. 8, 2017) (same).

Here, a judgment was entered in state court against Defendants Peters Broadcasting Engineering, Inc. and Robert Michael Peters before the notice of removal was filed, satisfying the first and fourth *Rooker-Feldman* requirements. (*See* ECF No. 2 at 28.) Defendants have now complained of injuries resulting from that state court judgment and move to vacate the judgment. (*See* ECF No. 16.) This satisfies the remaining *Rooker-Feldman* requirements. *See Kosachuk v. Selective Advisors Grp., LLC*, No. 19CV4844 (DLC), 2019 WL 4805742, at *2–4 (S.D.N.Y. Sept. 30, 2019) (finding court lacked subject matter jurisdiction under *Rooker-Feldman* to void a judgment by confession entered in New York Supreme Court). Because the *Rooker-Feldman* doctrine mandates that this Court abstain from exercising subject matter jurisdiction over state court judgments, Defendants' claims must be remanded.

## CONCLUSION

As Defendants have not set forth a legal basis for removal, this action is hereby REMANDED in its entirety to the Supreme Court of New York for Putnam County. Accordingly, Plaintiff's Rule 60(b)(6) motion to vacate is hereby DENIED as moot. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 16 and close this case.

Dated: October 18, 2019
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

5